# SUPREME COURT.

## REAL ESTATE TRUST COMPANY agt. JACOB T. SEAGREAVE and others.

### *Mortgage — usury — estoppel.*

Where, upon the assignment of a mortgage, the mortgagee covenanted that the principal sum was due and owing upon the mortgage, the assignment being also accompanied by an affidavit of the mortgagor, in which he stated that the mortgage was a good and valid lien on the premises for the full amount, and that there was no offset, counter-claim or other matter affecting the validity of the mortgage and the whole amount secured thereby. And it further appeared that the plaintiff purchased the mortgage of the mortgagee, believing the statements of the guarantee and affidavit to be true, and relied upon their truthfulness:

*Held*, that under such circumstances the defendants, the mortgagor and mortgagee, and those claiming an interest in the premises under the mortgagor, are estopped from controverting the truthfulness of the statements contained in the affidavit and guarantee.

The law presumes that statements and affirmations so solemnly made are true, rather than false, and persons acting in *good faith* may reasonably give full reliance to them.

But if the making of the affidavit and the giving of the guarantee were exacted by the plaintiff as expedients or contrivances to cover the vice of usury, the truth may be shown.

*New York Special Term, February,* 1875.

*Henry E. Davis*, for plaintiff.

*M. B. Smith*, for defendant.

VAN VORST, *J.* — When Potter, the mortgagee, assigned to the plaintiff the mortgage in question, he under his hand and seal covenanted and agreed with the plaintiff, that the full principal sum of $40,000, with interest from the 1st day of February, 1873, was then due and owing in respect of the

mortgage, and he guaranteed the payment of the same. The mortgagor, Seagreave, also made an affidavit, in which he stated, that the mortgage was a good and *bona fide* lien on the premises, for the full amount of $40,000, and that there was no offset, counter-claim, or other matter whatsoever affecting the validity of the mortgage, or the payment of the whole amount secured thereby.

The officers and agents of the plaintiff, who transacted the business, have testified that they purchased the mortgage of the defendant Potter, believing the statements of the guarantee and affidavit to be true, and relied upon their truthfulness in purchasing the security.

Under such circumstances, the defendants, the mortgagor and mortgagee, and those claiming an interest in the premises under the mortgagor, should be estopped from controverting the truthfulness of the statements contained in the affidavit, assignment and guarantee, with respect to the validity of the mortgage, and its goodness for the full amount secured thereby. The plaintiff, if acting in good faith, would be justified in giving full credit to such statements.

The law presumes that statements and affirmations, so solemnly made, are true, rather than false, and persons acting in good faith, may reasonably give full reliance to them.

But at the same time, the defendant might without doubt, if the facts are so, prove that the plaintiff did not take the mortgage on any such reliance, and was not acting in good faith; that he knew that the mortgage was not a good and valid lien on the premises, and that there was in fact nothing due thereon. They might show that the plaintiff, at the time he took the assignment, knew that the bond and mortgage were made simply for the purpose of raising money, and had no valid legal existence, and that such assignment and sale were made at an usurious rate of interest, and that the statements in both the guarantee and affidavit, were untrue to the knowledge of the plaintiff at the time he purchased the mortgage, and that the giving of such covenant and guarantee

and the making of such affidavit were, to the knowledge of the plaintiff, corrupt expedients to cover the vice of usury in the transaction.

The defendants would be at liberty, under the good policy of the law, to give evidence of any facts and circumstances, which would impeach the good faith of the plaintiff, and show a non-reliance upon the statements of the covenant and affidavit. For it would seem to be clear, that if the plaintiff, knowing their falsity, exacted such guarantee and affidavit, as part of a scheme, to give an appearance only of honesty, to an usurious transaction, he should not be allowed, in a court of equity, to set up such false statement and affirmation, however formally made, as an estoppel. The truth should not be excluded by any such wicked shifts and cunning contrivances.

But, however the truth may be with respect to the bond and mortgage in question, the evidence advanced on the plaintiff's behalf, satisfactorily establishes, that he purchase the bond and mortgage, believing the same to be a good and valid security for the whole amount thereof; that he did rely upon the statements contained in the covenant, guarantee and affidavit, and other affirmations of the defendants, the mortgagor and the mortgagee, and upon their truthfulness.

There is no satisfactory evidence of any knowledge in the plaintiff, or its agents or attorney to the contrary, nor any reason to question their good faith in the transaction.

In order to subject this mortgage to the vice of usury in its execution and negotiation to this plaintiff, there must be evidence, and that of a satisfactory character, to establish a corrupt agreement between Potter, Seagreave and the plaintiff, to avoid the statute against usury. The evidence fails entirely to implicate the plaintiff in any false statements Seagreave and Potter may have made, or in manner to impeach the mortgage, as a good and valid security in law, in the plaintiff's hands, for the whole amount thereof.

There should be judgment of foreclosure and sale.