Purdy v. Coar.

---

ELIJAH H. PURDY *et al.*, Respondents, *against* MARY J. COAR, impleaded with John Coar *et al.*, Appellant.

(Decided February 1st, 1886).

Before a mortgage of real property, executed by the owner of the fee and his wife, had been recorded, they executed a deed of the mortgaged property to a third person, who immediately re-conveyed it to the wife. Upon a subsequent assignment of the mortgage, before the deed to the wife was recorded, the husband executed and delivered to the assignees a certificate that the mortgage was valid, and that there was no legal or equitable defense against it. *Held*, that the certificate of the husband was binding upon the wife, and operated to estop her, as a purchaser of the property, from any defense she might have as such against the validity of the mortgage, she having been a party to it and having had knowledge of it at the time she derived title, and there being no proof that the deed to her was delivered prior to the date of its record, which was subsequent to the date of the certificate.

APPEAL from a judgment of this court entered upon the decision of the court at a trial without a jury.

VOL. XIII—29

Purdy v. Coar.

The action was brought to foreclose a mortgage of real property situated in the City of New York.

On September 8th, 1884, John Coar and Mary Jane Coar, his wife (the appellant), executed a mortgage to one Frederick C. Walker to secure the payment of the sum of $7,000, with interest, which mortgage was recorded September 12th, 1884. Coar was the owner of the fee, and on September 10th, 1884, executed a deed of the mortgaged premises to one Alexander Marshall, which was recorded September 13th, 1884. On September 10th, 1884, Marshall and his wife executed a deed of the mortgaged premises to Mary J. Coar, the appellant, which deed was not recorded until December 23d, 1884. The mortgage was assigned by Walker to the plaintiffs October 14th, 1884, and the assignment was recorded October 15th, 1884.

At the time of the assignment of the mortgage, Coar, the mortgagor, executed and delivered to the plaintiffs the following certificate:

"I, John Coar, do hereby represent to E. H. Purdy & Co. that the bond and mortgage made by me to Frederick C. Walker, dated September 8th, 1884 (the mortgage having been recorded in the office of the Register of the County of New York on the 12th of September, 1884, in Liber 1873 of Mortgages, page 419), are valid; that there is unpaid and to become due thereon the sum of seven thousand dollars, with interest from September 8th, 1884, and that there is no offset thereto or legal or equitable defense as against the same."

The appellant was the only party defending the action, claiming that the bond and the mortgage in which she joined were delivered without consideration; that she signed the same supposing that it was made and delivered for the consideration therein named, and that the plaintiffs paid no consideration for the assignment.

At the trial the court rendered a decision for plaintiffs, and judgment was entered thereupon for plaintiffs for foreclosure and sale of the mortgaged premises. From the judgment the defendant Mary J. Coar appealed.

Purdy v. Coar.

*John H. Corwin*, for appellant.

*Julius Lipman*, for respondents.

LARREMORE, Ch. J.—[After stating the facts as above.]
—The appellant claimed upon the trial and insisted upon the
argument of the appeal that the certificate signed by her
husband was not binding upon her, on the ground that at
the date of the certificate, September 14th, 1884, she was
the owner of the premises, and the certificate of her hus-
band, the former owner, could not affect or estop her as a
purchaser from any defense she might have as such pur-
chaser against the validity of the mortgage. This proposi-
tion is not supported by authority. She was a party to the
mortgage and therefore cannot deny knowledge of it at the
time she derived title. Her husband was the owner of
the premises when he executed the mortgage, in which she
joined to free her right of dower. Coar was clearly entitled
to give the certificate in question in order that the assignee
of the bond and mortgage might be satisfied as to their
validity. That certificate was an estoppel against the parties
to it as privies and grantees (*Lesley* v. *Johnson*, 41 Barb.
359; *Smyth* v. *Munroe*, 84 N. Y. 354; *Weyh* v. *Boylan*, 85
N. Y. 394; *Smyth* v. *Knickerbocker Life Ins. Co.*, 84 N. Y.
589; *Smyth* v. *Lombardo*, 15 Hun 415; *Barnett* v. *Zacha-
rias*, 24 Hun 304; *Real Estate Trust Co.* v. *Seagreave*, 49
How. Pr. 489).

As it appears by the record the delivery of the deed to
the appellant was subsequent to that of the certificate, and
there is no proof that it was delivered prior to the date of
its record.

This view of the case disposes of the various exceptions
raised during the trial, and leads to the conclusion that the
judgment appealed from should be affirmed.

J. F. DALY and BOOKSTAVER, JJ., concurred.

Judgment affirmed.