WILLIAM F. LENNON, Respondent, *v.* J. GEORGE GRAUER, Appellant.

1. PROMISSORY NOTE — INDORSEMENT WARRANTS GENUINENESS OF ANTECEDENT SIGNATURES.    The indorsement of a promissory note implies a contract by the indorser with the subsequent *bona fide* holder that the instrument itself and all the signatures prior to the particular indorsement are genuine; and the fact that the name of the maker was forged will not discharge the indorser.

2. EVIDENCE AS TO FORGERY OF MAKER'S SIGNATURE IMMATERIAL. When, in an action by the *bona fide* holder of a promissory note against an indorser, the defendant's indorsement is admitted or conclusively established, evidence offered by him to show that the name of the maker was forged is properly excluded as immaterial.

*Lennon* v. *Grauer*, 2 App. Div. 513, affirmed.

(Submitted May 9, 1899; decided June 6, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 30, 1896, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Delos McCurdy* and *M. L. Towns* for appellant. The examination had on the answer relative to the similarity of the handwriting of defendant and the signature on the note was incompetent. (*McKay* v. *Lasher*, 42 Hun, 270; 50 Hun, 383; 121 N. Y. 477; *Mortimer* v. *Chambers*, 27 Abb. [N. C.] 289.) The note never had any valid existence in law. (*Anderson* v. *D. S. Bank*, 47 N. Y. S. R. 448.)

*Abram I. Elkus* for respondent. The only question for consideration on this appeal is, whether the fact sought to be proved by the defendant that the note was never given by the maker, never signed or delivered by her, was material, or, if proved, have constituted a defense to the action, in view of the facts so found by the court. (*Winchell* v. *Hicks*, 18 N. Y. 558; *Leggett* v. *Hyde*, 58 N. Y. 272; *Koehler* v. *Adler*, 78 N. Y. 287; *Dillon* v. *Cockcroft*, 90 N. Y. 649; *Provost* v. *McEncroe*, 102 N. Y. 650; *Sutter* v. *Vanderveer*, 122 N. Y. 652; *Clason* v. *Baldwin*, 152 N. Y. 204.) The indorser cannot deny the maker's signature to a subsequent holder in due course. (*Coggill* v. *A. E. Bank*, 1 N. Y. 113; *Erwin* v. *Downs*, 15 N. Y. 576; *Turnbull* v. *Bowyer*, 40 N. Y. 456; *White* v. *C. Nat. Bank*, 64 N. Y. 316; *Dalrymple* v. *Hillenbrand*, 62 N. Y. 9; *Donohoe* v. *Meeker*, 35 App. Div. 43; Story on Bills & Notes, §§ 133, 379, 380, 381; Daniel on Neg. Inst. [4th ed.] 1357; L. 1897, ch. 612, §§ 115, 116.)

GRAY, J. The action was brought against the maker, payee and indorsees of a promissory note; but the action was severed by order and proceeded to trial against the defendant Grauer alone. The complaint was in the usual form, alleging the making and indorsement of the note; its delivery to plaintiff before maturity; its non-payment and protest. Defendant Grauer's answer put in issue the validity of the note; but did not deny his indorsement. Upon the trial, evidence was given

by the plaintiff tending to prove Grauer's signature upon the note and establishing that the plaintiff took the note before maturity, for value and without notice of any facts affecting its validity. Protest was, also, proved and that notice thereof was given to Grauer. Grauer sought to show that the maker's name was forged and other facts affecting the instrument, in its making and in its indorsements by other parties; but all such evidence was excluded, upon the objection of the plaintiff. At the conclusion of the case, the plaintiff moved for the direction of a verdict for the amount due upon the note and the defendant stated that he made "no requests to go to the jury." The plaintiff's motion was granted and to the court's direction of a verdict the defendant took no exception. The judgment recovered by the plaintiff was affirmed by the Appellate Division and there appears to be no question presented by this appeal for our consideration, but such as arises upon the appellant's exceptions to the rulings of the trial court; which excluded all evidence to show that the note was not signed or delivered by the alleged maker; or that affected the other indorsements.

By the action of the parties at the conclusion of the trial, if there was a question of fact as to the indorsement of this appellant, Grauer, it was disposed of by the trial court in directing a verdict for the plaintiff and the disposition is conclusive upon us. But it may be observed that the answer of Grauer did not deny his indorsement and, therefore, must be regarded as admitting it. In that situation he, as indorser of the note, must be regarded, in effect, as having contracted with the plaintiff, a subsequent holder, that the instrument was what it purported to be; that it and as well the preceding indorsements were genuine and that he had a clear legal title thereto. (*Erwin* v. *Downs*, 15 N. Y. 575; *Turnbull* v. *Bowyer*, 40 N. Y. 456; *White* v. *Continental Nat. Bank*, 64 N. Y. 316; Daniel on Negotiable Ins. § 1357.)

The plaintiff, in taking this note for value and before maturity, was entitled to rely upon this contract, to be implied from Grauer's indorsement of the note, that the note was the

genuine obligation of the person purporting to have made it. If it were the fact that the name of the maker was forged, it would not discharge the indorser. (*Coggill* v. *American Ex. Bank*, 1 N. Y. 113.) It became, therefore, quite immaterial and irrelevant to the issue, whether the maker's signature, or the indorsements preceding Grauer's, were genuine and no error was committed by the trial court in excluding evidence upon such questions. Deciding, as under the circumstances it must be assumed the court did, that Grauer's signature was indorsed upon the note, it followed, necessarily, that the plaintiff should recover judgment against Grauer, to the full amount due upon the note in suit.

I think the judgment should be affirmed, with costs and with ten per cent damages for the delay.

All concur.

Judgment affirmed.