### GANS v. McGOWAN et al.

(Supreme Court, Appellate Division, Second Department. June 27, 1899.)

INVALID MORTGAGE—ASSIGNMENT—RIGHT TO FORECLOSE AS AGAINST ASSIGNOR.
    Where one assigns a mortgage that has in fact been paid, and guaranties its payment, the purchaser, as against the assignor, is not restricted to an action on the guaranty, but may institute suit to foreclose the mortgage, and secure judgment therein against the defendant for the deficiency.

Appeal from judgment on report of referee.

Action by Adolph Gans against Peter McGowan, impleaded with others. Judgment in favor of defendant, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William J. Marshall, for appellant.
T. Darlington, for respondent.

CULLEN, J. The action is brought to foreclose a mortgage executed by the defendant Mary Hendricks to the respondent the defendant McGowan, which was transferred by the respondent to the

plaintiff by a written assignment, wherein the respondent covenanted that the sum of $750 was due on the mortgage, and guarantied the payment of the same. The other defendants, including the mortgagor and the owner of the equity of redemption, interposed no defense; but the respondent, against whom a judgment of deficiency was asked, answered, alleging that the original consideration of the mortgage was the sum of $500, loaned by him to the mortgagor; that the mortgagor, prior to the assignment, had repaid to him (the respondent) the amount of said loan; and that at the time of the assignment to the plaintiff the plaintiff knew there was nothing due on the bond and mortgage. The issues thus raised were referred for trial, and the referee found the facts as alleged by the defendant, and rendered judgment in his favor dismissing the complaint as against him. We are at a loss to understand how the facts set forth in the answer constituted any defense to the plaintiff's claim against the respondent. An assignment itself, unless limited, would constitute an implied warranty on the respondent's part that the bond and mortgage was a valid security. Beyond this, the plaintiff expressly covenanted that a certain sum was due on the mortgage, and guarantied the payment of that sum. The covenants of the respondent, both express and implied, estop him from asserting the invalidity of the mortgage. Surely, one who had indorsed a forged note would be liable on his indorsement. The respondent does not deny this proposition, but his claim is that, though he may be liable to the plaintiff on his guaranty, that liability must be enforced in an action at law, and not in this foreclosure action, because a judgment of foreclosure can be rendered only where there is a valid mortgage. It may be that, if the plaintiff had failed to obtain judgment for the foreclosure of the mortgage, he would have been necessarily remitted to a new action against the respondent on his guaranty. Loeb v. Willis, 22 Hun, 508. But the difficulty with the respondent's claim is simply this: the plaintiff has succeeded in obtaining a judgment for the foreclosure of the mortgage because the only persons to whom the defense of the invalidity or payment of the mortgage was available, the owners of the equity of redemption, or others having liens on the land, have raised no such issue. Should the plaintiff proceed in his foreclosure without seeking judgment against the respondent, he would risk the hazard of losing altogether his claim against him through a possible refusal by the court to allow him to bring a new suit. Vanderbilt v. Schreyer, 91 N. Y. 392; Society v. Stevens, 63 N. Y. 341. It may be urged that the plaintiff may abandon his foreclosure suit, and thus retain his absolute right to proceed against the respondent on his guaranty. But the plaintiff can be put to no such election. He received from the respondent what purported on its face to be a valid mortgage, and which the respondent warranted to be such. He is entitled to the benefit of both securities,—the mortgage and the guaranty; and he cannot be deprived of either as against the respondent, because the latter's warranty was false.

The judgment appealed from should be reversed, and a new trial granted before a new referee to be appointed at special term; costs to abide the final award of costs. All concur.