HOROWITZ v. WOLLOWITZ et al.

(Supreme Court, Appellate Term.    June 3, 1908.)

1. BILLS AND NOTES—LIABILITY OF INDORSER.
    Under Negotiable Instruments Law, Laws 1897, p. 734, c. 612, § 116, providing that an indorser without qualification warrants to all subsequent holders that the instrument is valid and subsisting, an indorser of a note cannot defend on the ground that the same was void because of usury in its inception.

2. SAME—NATURE OF CONTRACT OF INDORSER.
    The obligation of an indorser is a new and independent contract separate and distinct from the contract evidenced by the note.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 7, Bills and Notes, §§ 620.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Harry Horowitz against Louis Wollowitz and others. Judgment for defendants, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Sternberg & Jacobson, for appellant.
Abr. A. Silberberg, for respondents.

GIEGERICH, J. The complaint alleges that on the 28th day of December, 1906, the defendant Barnet Cohen made and delivered to the defendant Jacob Jormack his promissory note, in form as follows:

"$500.00                                                Dec. 28, 1906.
    "Six months and five days after date I promise to pay to the order of myself five hundred dollars at 16½ Carmine St.
    "Value received.                                    B. Cohen"

—and that at the time of making said note, and prior to its delivery to the plaintiff, the defendant Louis Wollowitz indorsed it, for the purpose of giving credit thereto with the defendant Jormack, and with the in-

tent to charge himself as first indorser. It is further alleged that there-after and before maturity the defendant Jormack indorsed the note to the plaintiff, who on the credit of the prior indorsements, gave value therefor. Then follow appropriate allegations of presentment, nonpayment, protest, and notice. The answer, among other things, sets up that Jormack exacted and received usury from Cohen, the maker of the note, and that the defendant signed his name to said note after such usurious agreement had been consummated and executed between Jormack and Cohen, and that the note was tainted with usury in its inception, and never had any legal and valid inception, and was void for usury.

Upon the trial the plaintiff testified that in June, 1907, the defendant Jormack owed him a balance of $650 on account of moneys loaned by him, and that in the early part of July in that year he accepted the note in question in payment of $500 of such indebtedness. At the close of the plaintiff's case a concession was made that there was usury in the inception of the note between Cohen and Jormack. The defendant put in no evidence, but moved to dismiss the complaint on the ground that it affirmatively appeared that the note was void in its inception. The court reserved decision, and subsequently rendered judgment in favor of the defendant.

The answer, in addition to the averments above referred to, also alleges that the plaintiff paid no consideration for the note, and held the same for the benefit and interest of Jormack, who continued to be the real party in interest; and certain facts were elicited on the cross-examination of the plaintiff which might be deemed as having a bearing on such issue, but the briefs argue the case as though it hinged on the sole question presented by the defendant's motion to dismiss, and it will be so considered and decided. On behalf of the appellant it is claimed that section 96 of the negotiable instruments law (Laws 1897, c. 612, p. 732) has entirely swept away the defense of usury as against holders in due course, citing Schlesinger v. Kelly, 114 App. Div. 546, 99 N. Y. Supp. 1083, Wirt v. Stubblefeld, 17 App. Cas. D. C. 284, Broadway Trust Co. v. Manheim, 47 Misc. Rep. 415, 95 N. Y. Supp. 93, and the concurring memorandum of Mr. Justice Willard Bartlett in Schlesinger v. Gilhooly, 189 N. Y. 1, at page 34, 81 N. E. 619, at page 631.

It is not necessary in the present case, however, to pass upon the question of the availability to the maker of a note of the defense of usury as against holders in due course, because the liability involved in this appeal is that of an indorser, not of the maker, and the liability of an indorser is dealt with in other portions of the act; section 116 providing:

"That every indorser who indorses without qualification warrants to all subsequent holders in due course: * * * (2) That the instrument is at the time of his indorsement valid and subsisting."

In Packard v. Windholz, 88 App. Div. 365, 84 N. Y. Supp. 666, one Truman made his promissory note to one Eaton, and then forged Eaton's indorsement, and next procured the defendant Windholz to indorse it. The note with these two indorsements upon it, was pre-

sented to the plaintiffs, who were note brokers, and by them was negotiated for the benefit of Truman. The defendant and those subsequent to him believed the indorsement of Eaton was genuine, and the plaintiffs learned he was responsible. The Appellate Division sustained the judgment in favor of the plaintiffs, holding that the defendant by his contract of indorsement guaranteed the genuineness of the signature of Eaton, the prior indorser on the note, and that the note was a valid and subsisting obligation, citing section 116 of the negotiable instruments law. This ruling was upheld by the Court of Appeals without opinion. 180 N. Y. 549, 73 N. E. 1121.

In Lennon v. Grauer, 159 N. Y. 433, 54 N. E. 11, it was held that the fact that the name of the maker of a note was forged did not discharge the indorser; the ground of the decision being that the indorsement of a promissory note implies a contract by the indorser with a subsequent bona fide holder that the instrument itself and all the signatures prior to the particular indorsement are genuine.

Under the language of the statute, as applied by the above decisions, it must be held that in indorsing the note the defendant warranted its validity, and that he cannot be heard now to assert that it is void for usury, any more than for forgery or any other cause. Furthermore, apart from the provisions of section 116, it is an established rule that the obligation of an indorser is a new and independent contract, separate and distinct from the contract evidenced by the note. 4 Am. & Eng. Ency. L. (2d Ed.) p. 477, and cases cited; Morford v. Davis, 28 N. Y. 481; Donohoe v. Meeker, 35 App. Div. 43, 54 N. Y. Supp. 286.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.