Nell St. John, Plaintiff, *v.* Stanley C. Fowler, Defendant.

(Supreme Court, Kings Trial Term, May, 1917.)

Assignments — of bond and mortgage — covenants contained in — actions — foreclosure — usury — judgment.

Usury — who not affected by agent's act in charging — principal and agent.

A covenant in an assignment of a bond and mortgage that a stated amount was owing thereon " without off-set or defense of any kind " gives rise to a cause of action against the

assignor which exists even though the mortgage, in an action to foreclose the same, was adjudged usurious.

Where in an action brought by the assignee on such covenant it appears that the plaintiff had no knowledge that the mortgage was usurious but her agent had such knowledge and was fully apprised of all the facts, plaintiff is entitled to judgment.

A person intrusting an agent with money for investment is not affected by his act in charging usury, unless he had knowledge of the transaction or assented to it or received some benefit from it.

ACTION to recover upon a written covenant contained in an assignment of a bond and mortgage.

Sternberg, Jacobson & Pollock (Samuel H. Sternberg, of counsel), for plaintiff.

Thomas P. Hall, for defendant.

CROPSEY, J.  The action was tried before the court, a jury having been waived. Recovery is sought upon a written covenant in an assignment of a bond and mortgage, that a stated amount was owing thereon " without offset or defense of any kind." The facts are found as follows:  In December, 1908, parties named Collins executed a bond and mortgage to the defendant who was then the attorney for the mortgagors and did not advance anything on the mortgage; about two or three weeks later the defendant executed the assignment in question to the plaintiff; the latter had some money to invest and gave it to her agent for that purpose; that agent was approached on the subject of making the loan in question before the bond and mortgage were executed, and agreed to make it upon condition that a bonus was paid to him; the matter was then put through as already stated, a bonus in excess of legal interest being charged, and the usual papers were delivered, including an estoppel

certificate; the plaintiff's agent knew that the defendant had not loaned any money on the mortgage and that the transaction was carried through in the manner it was for the purpose of avoiding any claim of usury; the plaintiff did not authorize the making of an usurious loan, had no knowledge any usury had been exacted, never assented to such a transaction and did not receive any part of the bonus, her agent retaining all of it. Later the plaintiff attempted to foreclose the mortgage and was defeated, the court holding the bond and mortgage usurious and void from their inception and this decision being upheld on appeal. *St. John* v. *Collins,* 146 App. Div. 924; affd., 207 N. Y. 712.

The defendant offered in evidence the judgment roll in the foreclosure action. It was excluded but the court said it would consider any authorities the defendant wished to submit and, if satisfied that the exclusion was error, would reopen the case and receive the evidence. No authorities have been submitted by the defendant on this point; nor is the question even discussed in his brief. It must be assumed therefore that the point is abandoned. The judgment was not admissible for it lacked in mutuality, the defendant here not being a party to the other action. *Booth* v. *Powers,* 56 N. Y. 22, 33, 34; *Shipman* v. *Rollins,* 98 id. 311, 330, 331; *Moore* v. *City of Albany,* Id. 396, 409, 410; Freem. Judg. (4th ed.) § 159.

There is no question that the covenant gives rise to a cause of action, and that right exists even though the mortgage has been adjudged invalid. *Buehler* v. *Pierce,* 175 N. Y. 264; *Ross* v. *Terry,* 63 id. 613. Nor is it material whether the defendant knew the nature of the transaction or that it was usurious. Same authorities.

The defendant is estopped from denying that the

mortgage is valid and he is liable on his independent contract. *Remsen* v. *Graves,* 41 N. Y. 471; *Horowitz* v. *Wollowitz,* 59 Misc. Rep. 520; *Sabine* v. *Paine,* 166 App. Div. 9, 12; *Packard* v. *Windholz,* 88 id. 365; affd., 180 N. Y. 549. At least that is so, if the plaintiff was acting in good faith and did not know the actual facts. *Lennon* v. *Grauer,* 159 N. Y. 433. But if she was a party to the arrangement that was made and carried out, and the covenant or guarantee was exacted by her as an expedient to defeat any claim of usury, the defendant would not be estopped from proving the facts and the plaintiff could not recover. "The truth should not be excluded by any such wicked shifts and cunning contrivances." *Real Estate Trust Co.* v. *Seagreave,* 49 How. Pr. 489, 491.

This is further illustrated by the cases on promissory notes, which hold that where a bank acquires a note in good faith and before maturity it can recover on it though usury was present in its inception (*Schlesinger* v. *Gilhooly,* 189 N. Y. 1) ; but no recovery can be had if the bank knew of the usurious origin of the note when it acquired it. *Schlesinger* v. *Lehmaier,* 191 N. Y. 69. The case of *Gans* v. *McGowan,* 41 App. Div. 461, does not hold otherwise, but if it did it would merely make unnecessary the discussion of the following question. The record in the *Gans* case shows that the plaintiff there did not have knowledge of the infirmity of the securities in question.

In the case at bar, the plaintiff had no knowledge of the character of the transaction or that it was usurious, but her agent had such knowledge and was fully apprised of all the facts. The question is whether under such circumstances the usury defeats the plaintiff's recovery, or in other words whether the acts of her agent make the transaction usurious as to her. This is clearly answered by the decisions. A

Supreme Court, May, 1917.    [Vol. 100.

person intrusting an agent with money for investment is not affected by acts of his agent in charging usury, unless he had knowledge of the transaction or assented to it or received some benefit from it. *Van Wyck* v. *Watters,* 81 N. Y. 352; *Stillman* v. *Northrup,* 109 id. 473; *Estevez* v. *Purdy,* 66 id. 446; *Mutual Life Ins. Co.* v. *Kashaw,* 66 id. 544; *Philips* v. *Mackellar,* 92 id. 34; *Condit* v. *Baldwin,* 21 id. 219; *Henry* v. *Allen,* 151 id. 1; *Bienenstok* v. *Ammidown,* 155 id. 47. The case of *Algar* v. *Gardner,* 54 N. Y. 360, is not in conflict with the authorities cited. The facts in that case, as stated in *Estevez* v. *Purdy,* 66 N. Y. 446, 451, were that the usury was exacted by the agent with the consent of the principal. Nor are the cases of *Bliss* v. *Sherrill,* 24 App. Div. 280; *Sabine* v. *Paine,* 166 id. 9 and *Bliven* v. *Lydecker,* 130 N. Y. 102, opposed to the general rule as above stated, for in each the plaintiff was shown to have received the bonus or to have had the benefit of it.

It follows that the plaintiff is entitled to judgment, with costs.

The findings and judgment should be settled on notice and with them there should be submitted that portion of the stenographer's minutes which shows the disposition of the facts made by the court at the close of the trial.

Judgment for plaintiff, with costs.