MAX KLEINMAN, Respondent, v. CHASE NATIONAL BANK OF THE CITY OF NEW YORK and Another, Appellants, and LEO KOBRIN and Another, Individually and as Copartners, Trading under the Name and Style of KOBRIN BROS., Respondents.

Supreme Court, Appellate Term, First Department, December 18, 1924.

**Banks and banking — action against bank to recover amount of check paid on forged indorsement — Statute of Limitations — Negotiable Instruments Law, § 326, not applicable — plaintiff is entitled to judgment — payee bank is entitled to judgment against bank presenting check and last bank is entitled to judgment against depositor of check.**

Section 326 of the Negotiable Instruments Law, which provides that an action to recover on a forged or raised check cannot be maintained unless the depositor notifies the bank within one year after the return of the paid voucher that the check so paid was forged, does not apply to this action to recover the amount

paid by the defendant on plaintiff's check on a forged indorsement, and, therefore, the defendant's defense of the Statute of Limitations is not a bar to plaintiff's right to recover and he is entitled to judgment.

However, said bank is entitled to judgment against the bank which presented the check to it since that bank guaranteed all prior indorsements, and the last-mentioned bank is entitled to a judgment against its depositor who deposited the check with it.

APPEAL by defendants, Chase National Bank of the City of New York and Chatham and Phenix National Bank of the City of New York, from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, rendered in favor of plaintiff.

*Rushmore, Bisbee & Stern,* for the appellant Chase National Bank.

*Kaye, McDavitt & Scholer,* for the appellant Chatham and Phenix National Bank.

*Samuel Hellinger* [*Edward M. O. Pratt* of counsel], for the respondent Kleinman.

*Henry E. Cohen,* for the respondent Kobrin Bros.

WAGNER, J.:

The plaintiff instituted this suit against the defendant Chase National Bank to recover the sum of $657.50 paid by it on a check of which plaintiff was maker and upon which was forged the name of the payee. Judgment was awarded plaintiff by the court below. The defendant Chase National Bank on this appeal contends that the court below erred in holding that section 326 of the Negotiable Instruments Law has no application to forged indorsements.

Section 326 of the Negotiable Instruments Law provides:

" Recovery of forged check. No bank shall be liable to a depositor for the payment by it of a forged or raised check, unless within one year after the return to the depositor of the voucher of such payment, such depositor shall notify the bank that the check so paid was forged or raised."

It is conceded that the bank received no notice of the forged indorsement from plaintiff until some two years after the bank's canceled checks or vouchers were returned to him. Obviously, therefore, if section 326 comprehends within its scope forged indorsements, the plaintiff is estopped from now asserting his claim against the bank. Our view, however, is that the notice required to be given in section 326 is limited to cases where payment is made of a check upon which the maker's signature is forged or the check is raised.

The commonly accepted meaning of the words " a forged check "

in the commercial world is a check upon which the maker's name is forged. It is manifest by a consideration of the reason for the enactment of section 326 of the Negotiable Instruments Law, as well as the commonly accepted meaning of the words "forged check," that the Legislature intended to limit the requirement to give notice to cases where payment is made on a check upon which the maker's signature is forged and did not intend to extend the statute to include forged indorsements. Before the enactment of section 326, our common-law rule was that the depositor as maker owed the bank the duty to make a reasonably careful examination of his canceled checks or vouchers and notify the bank within a reasonable time thereafter. The time of notice thus was flexible, depending upon the circumstances in each case. (See *Morgan* v. *U. S. Mortgage & Trust Co.*, 208 N. Y. 218.) A check possesses the attributes of a contract and certain characteristics of property. It is essentially a commercial paper. It was the legislative purpose in enacting section 326 in response to the needs of business stability to make definite and inflexible the time when the drawee bank must be notified by the maker of its payment of a check upon which his name is forged. The act is in derogation of the common law, hence must be strictly construed. At common law the maker depositor owes no duty to the bank to make inquiry or examine as to any forged indorsement upon his returned voucher because as to indorsements he has ordinarily no greater knowledge or information than the bank. (*Prudential Ins. Co.* v. *National Bank of Commerce*, 227 N. Y. 510; *Critten* v. *Chemical National Bank*, 171 id. 219; *Welsh* v. *German American Bank*, 73 id. 424.) If the Legislature intended to modify this common-law maxim to the extent of imposing upon the depositor the onerous and unreasonable duty to detect within a year forged indorsements, it would have stated it explicitly. Such intended modification cannot be found in the express words of the statute nor can it be fairly implied from the text. (*North British & Mercantile Ins. Co.* v. *Merchants' National Bank*, 161 App. Div. 341.) We are thus in accord with the view of the court below that section 326 had no application to payments made by a bank upon a forged indorsement and the judgment against the defendant Chase National Bank is affirmed.

Originally this action was instituted against the bank that paid the check upon the forged indorsement. By successive motions, to which no objection was raised, the bank with which the check in question was deposited and the person who made the deposit of the check were brought in as party defendants, each in turn claiming that the party to be brought in is liable for the claim made against it. (Civ. Prac. Act, § 193, subd. 2.)

The judgment appealed from is against the defendant Chase National Bank only, although the additional parties defendant brought in litigated among themselves their liability as indorsers of the instrument. The defendant Chase National Bank received the check from the Chatham and Phenix National Bank with its indorsement thereon, thereby warranting the genuineness of all prior indorsements, one of which was forged; hence the Chase National Bank is entitled to judgment against the defendant Phenix Bank.

The defendant Kobrin Bros.' indorsement was a warranty that the prior indorsement was genuine and upon the discovery of the forgery they became immediately liable to the defendant Phenix Bank with which they deposited the check and which credited them with the amount (*Lennon* v. *Grauer*, 159 N. Y. 433; *Packard* v. *Windholz*, 88 App. Div. 365), and the Phenix Bank is thereby entitled to judgment against Kobrin Bros. for the amount of the check.

Orders reversed and judgment modified so as to further adjudge that the defendant Chase National Bank recover of the defendant Chatham and Phenix National Bank the sum of $717.93, and that said Chatham and Phenix National Bank recover of Leo Kobrin and Abe Kobrin individually and as copartners the sum of $717.93, and judgment as so modified affirmed, with $25 costs to the Chase National Bank and the Chatham and Phenix National Bank against Leo Kobrin and Abe Kobrin. Appeal by Leo Kobrin and Abe Kobrin dismissed.

All concur; present, BIJUR, WAGNER and LEVY, JJ.