BENJAMIN BENENSON, Respondent, v. NATIONAL SURETY COMPANY, Appellant, Impleaded with Others.

(Argued October 19, 1932; decided November 22, 1932.)

George de Forest Lord, Sherman Baldwin and Ernest D. North for appellant. The alleged negligence of the defendant-appellant was not the proximate cause of the damage; the intervening criminal acts of the strangers who purloined the authenticating documents and forged the bond broke the chain of legal causation. (Knox v. Eden Musee Co., 148 N. Y. 441; Hulburt v. Walker, 258 N. Y. 8; People's Trust Co. v. Smith, 215 N. Y. 488; Saugerties Bank v. Delaware & Hudson Co., 236 N. Y. 425; Mairs v. Baltimore & Ohio R. R. Co., 175 N. Y. 409; Lowery v. Western Union Tel. Co., 60 N. Y. 198; Laidlaw v. Sage, 158 N. Y. 73; National Exchange Bank v. Lester, 194 N. Y. 461; Perry v. Rochester Lime Co., 219 N. Y. 60; Nash v. Moore, 165 App. Div. 67; 219 N. Y. 601; Hudson Trust Co. v. American Linseed Co., 232 N. Y. 350; Ehrich v. Guaranty Trust Co., 194 App. Div. 658; 233 N. Y. 637;

Exchange Nat. Bank v. Bank of Little Rock, 58 Fed. Rep. 140; The Lusitania, 251 Fed. Rep. 715.) The defendant-appellant violated no duty owing to the plaintiff's assignor. (Bogardus v. New York Life Ins. Co., 101 N. Y. 328; Greef v. Equitable Life Assur. Soc., 160 N. Y. 19; Pcerot v. Mount Morris Bank, 120 App. Div. 247; Palsgraf v. Long Island R. R. Co., 248 N. Y. 339; Hulburt v. Walker, 258 N. Y. 8; People's Trust Co. v. Smith, 215 N. Y. 488; Courteen Seed Co. v. Hong Kong & Shanghai Banking Corp., 245 N. Y. 377; Ultramares Corp. v. Touche, Niven & Co., 255 N. Y. 170; Jaillet v. Cashman, 115 Misc. Rep. 383; 202 App. Div. 805; 235 N. Y. 511; National Sav. Bank v. Ward, 100 U. S. 195; Robins Dry Dock & Repair Co. v. Flint, 275 U. S. 303; Marsh v. Falker, 40 N. Y. 562; Landell v. Lybrand, 264 Penn. St. 406; Baxendale v. Bennett, 3 Q. B. D. 525; Linick v. Nutting & Co., 140 App. Div. 265; Holzman, Cohen & Co. v. Teague, 172 App. Div. 75.)

 Harold R. Medina, Eugene A. Sherpick and William Gilbert for respondent. Carelessness in the use of authenticating documents imports the risk of forgery. In such a situation forgery is in no sense an intervening cause; it is a direct immediate result of the negligence complained of. The negligence alleged in the third cause of action herein was clearly the proximate cause of the injury sustained by the plaintiff's assignor. (Saugerties Bank v. Delaware & Hudson Co., 236 N. Y. 425; Fifth Ave. Bank v. 42d St. R. R. Co., 137 N. Y. 231; Jarvis v. Manhattan Beach Co., 148 N. Y. 652; Moch v. Bryant Park Bank, 197 App. Div. 78.) The defendant-appellant's contention that it was guilty of no breach of duty owing to the plaintiff's assignor is untenable. (Glanzer v. Shepard, 233 N. Y. 236; People's Trust Co. v. Smith, 215 N. Y. 488; Bank of Batavia v. N. Y., L. E. & W. R. R. Co., 106 N. Y. 195; International Products Co. v. Erie R. R. Co., 244 N. Y. 331; Doyle v. Chatham & Phenix Nat.

*Bank*, 253 N. Y. 369; *Cole* v. *Vincent*, 229 App. Div. 520; *Rhinelander* v. *Farmers' Loan & Trust Co.*, 172 N. Y. 519; *MacPherson* v. *Buick Motor Co.*, 217 N. Y. 382; *Bush. Terminal Co.* v. *Globe & Rutgers Ins. Co.*, 182 App. Div. 748; 228 N. Y. 575; *Michaelyan, Inc.*, v. *N. J. Fidelity & P. G. Ins. Co.*, 229 App. Div. 123.)

LEHMAN, J.   The complaint in its third cause of action alleges the breach of the condition of a bond " *purporting* " to be executed by the defendant National Surety Company, and having " the semblance and appearance " of being a properly executed and duly authenticated instrument of the defendant.   The plaintiff after examination accepted the bond, relying upon its " appearance of authenticity."   The plaintiff now seeks to hold the defendant for his consequent damage, upon an allegation that it was the result of the carelessness and negligence of the defendant in permitting " fully executed forms and documents by which its bonds and undertakings are customarily authenticated to lie about and be exposed in its offices thereby rendering such forms and documents available to strangers and to those having no authority to make use of the same   *   *   *   and by affixing the same to instruments bearing the title or designation of said defendant National Surety Company, to give to said instruments the semblance and appearance of being properly executed and duly authenticated instruments of said defendant."   The defendant has moved to strike out the cause of action.   The motion has been denied in the courts below.

The plaintiff " might claim to be protected against unintentional invasion by conduct involving in the thought of reasonable men an unreasonable hazard that such invasion would ensue " (*Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339, 341), but the defendant was under no duty to the world at large to safeguard its own property from theft at least, unless the possibility that the

property would be stolen and then used by the thief to injure another constituted a hazard which a reasonable man would have foreseen and guarded against. " Under ordinary circumstances no one is chargeable with damages because he has not anticipated the commission of a crime by some third party." (*Saugerties Bank* v. *Delaware & Hudson Co.*, 236 N. Y. 425, 431.) Even where certificates of stock, signed in blank by duly authorized officers, were stolen from the corporation by a servant who had access to them, and sold to innocent purchasers, no recovery has been permitted against the corporation for its failure to safeguard the public from the hazard of being defrauded in such manner. (*Hudson Trust Co.* v. *American Linseed Co.*, 232 N. Y. 350; *Ehrich* v. *Guaranty Trust Co.*, 194 App. Div. 658; affd., 233 N. Y. 637; *Knox* v. *Eden Musee Co.*, 148 N. Y. 441.) The rule that " the mere intervention of a crime does not break the sequence of cause and effect if the crime might reasonably have been foreseen when the original default occurred " (Dissenting opinion of ANDREWS, J., *Saugerties Bank* v. *Delaware & Hudson Co.*, 236 N. Y. 425, 435) has no application here. The only act complained of is the defendant's failure to guard its executed forms and documents against theft. Even if stolen they could be used to the damage of others only if thereby they came into the possession of some person who could profit by inducing another to accept a surety bond, and who forged such a bond and attached the stolen documents in order to give the bond the appearance of authenticity. A hazard for strangers arising from two crimes committed by one of the small class who could profit by such crimes is too remote to place upon a reasonable man a duty to foresee and guard against.

It is true that in some cases a person or corporation may be held liable upon a forged or stolen certificate or other instrument where such instrument is actually authenticated and delivered by a person clothed with

authority to issue or deliver such instruments and to make representations as to their authenticity. (*Fifth Avenue Bank* v. *Forty-second Street & G. S. F. R. R. Co.*, 137 N. Y. 231; *Jarvis* v. *Manhattan Beach Co.*, 148 N. Y. 652.) The plaintiff relies upon those cases as authority for the sufficiency of the allegations in his third cause of action. In those cases liability has not been predicated upon negligence in failing to safeguard others from the hazard of a crime but upon the responsibility of a principal for the act of his agent acting within the scope of his actual or apparent authority. There action is upon the instrument itself.

The second cause of action pleaded in the complaint seeks recovery on the instrument itself on such grounds. That cause of action has not been attacked and we do not consider its sufficiency or scope. If any negligence on the part of the defendant has so clothed others with apparent authority to act for it that the defendant is estopped from denying their authority (see *Gutfreund* v. *East River Nat. Bank*, 251 N. Y. 58), proof of such facts may be given under that cause of action and consideration of its effect must await the trial.

The order should be reversed, with costs in all courts, and the motion to strike out the third cause of action granted. The certified question should be answered in the negative.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.