In the Matter of the Liquidation of NATIONAL SURETY COMPANY. (Claim of BENJAMIN BENENSON — Claim No. C. B. 6130.)

Supreme Court, Special Term, New York County, March 23, 1937.

*Edward F. Keenan* [*Francis P. Ward* and *John E. Lynch* of counsel], for the Superintendent of Insurance, for the motion.

*Frederick Lese* [*Alexander Pfeiffer* and *Joseph Lotterman* of counsel], for the claimant, opposed.

LEVY, J. If the signatures to the bond upon which the present claim is based had been forged and the bond delivered by a

*stranger* to the surety company, the latter's negligence in permitting fully executed forms by which its bonds and undertakings are customarily authenticated to lie about in its offices would be insufficient basis for holding it liable. (*Benenson* v. *National Surety Co.*, 260 N. Y. 299.) A different situation, however, is presented where the forged instrument " is actually authenticated and delivered by a person clothed with authority to issue or deliver such instruments and to make representations as to their authenticity. * * * In those cases liability has not been predicated upon negligence in failing to safeguard others from the hazard of a crime but upon the responsibility of a principal for the act of his agent acting within the scope of his actual or apparent authority." (*Benenson* v. *National Surety Co., supra,* pp. 303, 304.) Expressed somewhat differently, the negligence of the surety company may impose liability upon it where such negligence " has so clothed others with apparent authority to act for it that the defendant is estopped from denying their authority." (*Benenson* v. *National Surety Co., supra,* p. 304.) The distinction between cases where negligence in permitting forgery or theft creates no liability and cases where it does, is very aptly pointed out by EARL, J., in *People* v. *Bank of North America* (75 N. Y. 547, at pp. 561, 562). The Court of Appeals there recognized (p. 562) that negligence will impose liability where it consists " of permitting such other person to clothe himself or to be clothed with apparent authority to act."

Tested by these principles, the surety company must be held liable, for its negligence permitted Schlesinger to clothe himself with apparent authority to deliver bonds or instruments of the surety company and to " make representations as to their authenticity." No useful purpose would be served by reviewing at length the evidence bearing on Schlesinger's relationship to the surety company and the manner in which he was permitted access to its stationery, forms, seal and fully executed authenticating certificates. Suffice it to point out that, in addition to these circumstances, it had been customary for the surety company to permit Schlesinger to deliver bonds and other instruments on which it was liable and to collect the initial premiums. People calling up the surety company to apply for bonds or amendment of bonds were customarily referred to Schlesinger whose office was in the offices of the surety company and whose telephone extension was connected with the surety company's switchboard.

The evidence establishes that through the negligence of the surety company, Schlesinger was clothed with apparent authority to deliver bonds and undertakings for it and to make representations

as to their authenticity. Under the circumstances, the surety company was liable on the bond despite Schlesinger's forgery in the execution thereof. There appears to be no valid distinction between the present case and *Wilmerding* v. *Postal Telegraph-Cable Co.* (118 App. Div. 685; affd., 192 N. Y. 580), where the defendant was held liable for payments received by its messengers as a result of their presentation to the plaintiff of forged and fictitious slips on the ground that the messengers were " constituted the agents of the defendant for the purpose of collecting from the plaintiffs the amounts due for services rendered as appeared upon the face " of the defendant's slips. In the instant case, Schlesinger was constituted the agent of the surety company for the purpose of delivering its bonds and undertakings and collecting the premiums thereon. Any misrepresentations made by him as to the genuineness of the signatures to or as to the validity of the bonds delivered by him would, under the circumstances, bind the surety company which had placed him in a position to make statements as to the authenticity of the instruments upon which strangers had the right to rely.

For the reasons indicated, the motion to confirm the report of the referee is denied, and the cross-motion to reject the report and allow the claim is granted. No interest, however, will be allowed. Settle order.