MARYLAND CASUALTY COMPANY, Respondent, *v.* CENTRAL TRUST COMPANY, ROCHESTER, N. Y., Appellant.

UNITED STATES OF AMERICA ON THE RELATION OF MARYLAND CASUALTY COMPANY, Respondent, *v.* CENTRAL TRUST COMPANY, ROCHESTER, N. Y., Appellant.

(Consolidated Actions.)

Fourth Department, January 6, 1943.

*J. Paul Brennan* for appellant.

*Ruben A. Dankoff* and *William S. Cucci* for respondents.

HARRIS, J.  The defendant in both of the above-entitled actions (which, by stipulation and order, have been consolidated into one action) appeals from orders of Special Term, Monroe County, which said orders granted motions of the plaintiff to strike out certain affirmative defenses contained in the answer in each action.

The answers were interposed separately to the separate complaints in each of the above-entitled actions.  Hereinafter reference will be made to the first-entitled action as that of Maryland Casualty Company, and to the second above-entitled action as that of the relator.

The complaint in each action alleges the incorporation of the plaintiff and that of the defendant, the latter being as a domestic banking corporation; the adjudication of Van Vechten Milling Co., Inc., as a bankrupt by the District Court of the United States for the Western District of New York; the appointment of one Herbert T. Haidt as trustee of such bankrupt estate, and the qualification of said Haidt as such trustee by the execution and de'ivery on the part of the Maryland Casualty Company of a bond in the sum of $25,000, such bond being given to secure the fidelity of the said trustee in administering the affairs of the bankrupt estate.  Continuing along, the complaints allege that the funds of the bankrupt estate were deposited in an account at the office of the defendant (as a duly designated depository) in the name of " Van Vechten Milling Co., Inc., bankrupt, Herbert T. Haidt, Trustee," and the complaint in the relator action also alleges that, in compliance with statute, the defendant filed with the clerk of the United States District Court for the Western District of New York a bond to the United States of America to secure the prompt repayment of deposits of bankruptcy estate funds and the obedience by the defendant to the orders of the United States District Court in connection with its duties as depository of such funds; the possession by the defendant at all times pertinent to this action of a sample original signature of the referee in bankruptcy, designated in this case by the judge of the United States District Court, to countersign all checks to be drawn on the bankrupt funds.  The complaints then allege that some eight checks were drawn by Haidt, as trustee, at various dates from March 24, 1938, to August 16, 1939; the countersignature on such checks of the referee in bankruptcy was not the real signature but forged, and that none of the said

checks or the amounts thereof were used in the business of the estate but were converted by the said Haidt to his own use, and such drawing and use of the checks was a breach of trust on the part of Haidt, as trustee, and by the defendant in that it permitted withdrawal of funds from its office by means of such checks; then is recited the removal of Haidt, as trustee, the appointment of a successor trustee, and the payment by the Maryland Casualty Company of the sum of $4,420.06 (being the amounts of the checks with allegedly forged countersignatures) to the successor trustee under the obligation of the Maryland Casualty Company on its bond, and the assignment by subrogation and otherwise to Maryland Casualty Company of any claims or causes of action of the substitute trustee which such substitute trustee would have had against the said Haidt for his alleged delinquencies. There is allegation to the effect that the defendant has failed to transfer to the said trustee the above-mentioned sum of $4,420.06, but has converted the same to its own use and has thus violated its duty as designated depository under the Bankruptcy Act (U. S. Code, tit. 11).

The Maryland Casualty Company action seeks recovery on the theory of conversion, breach of trust and subrogation or assignment; and in the relator action the plaintiff seeks recovery as a beneficiary under the bond given by the defendant to the United States District Court for the faithful performance of its duties. The demand in each action is for the same amount of money ($4,420.06, with interest thereon).

In the answers first there are denied generally the allegations of the pertinent material parts of the complaints; then the defendant sets up as separate defenses: (1) the lapse of more than one year from the time of the return to the depositor by the defendant of the vouchers drawn on the account and which are alleged to be forged (See Neg. Inst. Law, § 326); (2) the failure of the depositor to use reasonable care in examining the vouchers returned by the defendant and failing to promptly return such vouchers; (3) estoppel in favor of the defendant because the depositor omitted to make immediate discovery of the alleged forgeries and the alleged erroneous charges; (4) negligence on the part of the depositor in its duty to the defendant, which duty required examination of the vouchers and statements submitted to the depositor by the defendant, and failure on the part of the depositor to seasonably, and within a reasonable time, dispute the statement of account and that such statement of account became an account stated as between the depos-

itor and depository; (5) negligence and omissions of the referee in bankruptcy in failing to promptly obtain and examine the vouchers and statements rendered by the defendant. All of these separate defenses were attacked by the plaintiffs herein and on such attack were stricken from the separate answers by the orders which are the subject of this appeal. The Special Term, in disposing of the motions, said as follows: '' The relationship is not that of debtor and creditor. It is a case of public trust funds held in a fiduciary capacity.

'' The trustee in bankruptcy, in this case is himself claimed to be the one who committed the forgeries rather than being chargeable with negligence.

'' Upon that basis these defenses are not good against the plaintiffs.''

Before this court the appellant claims, and the respondents concede, that the relationship of debtor and creditor was created on the opening of the account (*Fidelity & Casualty Co.* v. *Farmers National Bank,* 275 N. Y. 194; *Matter of Holden,* 264 N. Y. 215; *Baldwin's Bank* v. *Smith,* 215 N. Y. 76; *Critten* v. *Chemical National Bank,* 171 N. Y. 219), but the respondents further contend that in view of the fact that these were the deposit of bankruptcy estate funds, pursuant to a court order, the opening of such account created more than the ordinary debtor and creditor relationship in that the deposited funds were impressed with the trust of a quasi public nature for the benefit of a group of creditors and under the protection of acts of Congress and rules of the United States Supreme Court.

The question involved on this review is whether deposits made of bankrupt estate funds are to be considered, or not to be considered, as ordinary banking transactions. Such deposits were made pursuant to General Order 29 of the United States Supreme Court General Orders in Bankruptcy, which Order was made in accordance with section 30 of the Federal Bankruptcy Act (U. S. Code, tit. 11, § 53). General Order 29 recites as follows: '' No moneys deposited as required by the Act shall be drawn from the depository unless by check or warrant, signed by the clerk of the court, or by a trustee, and countersigned by the judge of the court, or by a referee designated for that purpose, or by the clerk or his assistant under an order made by the judge, stating the date, the sum, and the account for which it is drawn; and an entry of the substance of such check or warrant, with the date thereof, the sum drawn for, and the account for which it is drawn, shall be forthwith made in a book kept for that purpose by the trustee or his clerk; and all checks and drafts

shall be entered in the order of time in which they are drawn, and shall be numbered in the case of each estate. A copy of this general order shall be furnished to the depository, and also the name of any referee or clerk authorized to countersign said checks. This general order shall not apply to reorganization proceedings under section 77 or section 77B of the Act.''

For the purposes of this appeal, due to the contents of the pleadings, it must be conceded that there was strict compliance with the provisions of such order when the Van Vechten bankrupt estate account was opened at the office of the defendant. In further compliance with the provisions of the Bankruptcy Act, the bond referred to in the relator action as furnished by the defendant was one required before the depository could open the account and accept the funds and such bond was for the benefit of the creditors of the particular bankrupt estate for which an account was opened. (Bankruptcy Act, § 61 [U. S. Code, tit. 11, § 101].)

As has been said, the respondents claimed below and now contend that the duties of the defendant in reference to the account were not those duties ordinarily owed by a bank to its depositor. If the duty were the same as that ordinarily due by a depository to a depositor, then the separate defenses which were attacked and stricken out below would be proper defenses in an action in which a suit was brought on behalf of a depositor against a bank for failing to pay the moneys on deposit to the credit of the depositor. (*Potts & Co.* v. *Lafayette National Bank,* 269 N. Y. 181; *National Surety Co.* v. *Manhattan Co.,* 252 N. Y. 247; *Rodkinson* v. *Haecker,* 248 N. Y. 480; *Shattuck* v. *Guardian Trust Co.,* 204 N. Y. 200.) But the respondents contend that this is not the ordinary relationship of debtor and creditor or depositor and depository, claiming that the deposit was made by order of the court for the benefit of a trust estate and that the defenses ordinarily available in an action of a depositor against bank are not available in an action where the deposit is on behalf of a trust such as that made for the creditors of a bankrupt estate. The respondents further argue that moneys in the custody of the court and deposited by order of the court are accepted and held subject to suit for failure to pay the same without the defenses above stated, because the funds so deposited are deposited by reason of a public duty. With such contention agreement cannot be had. Excellent authority holds that such contention is not even available to the United States of America itself when it enters into a commercial transaction, the rule being stated that when the government did business in the market or in the busi-

ness place as with a bank, similar to the transactions between individuals and a bank, then the obligations, liabilities and duties of the government, in the eyes of the law, are to be measured by the methods and rules of the market place and not by the laws and rules applicable to sovereign powers. (*United States* v. *Guaranty Trust Co.,* 293 U. S. 340; *United States* v. *National Exchange Bank,* 270 U. S. 527.) As this rule applies to the government of the United States when it engages in banking transactions, it must be sound to hold that when the government of the United States devised a method of handling bankrupt estates for the purpose of liquidating businesses which were in financial distress, then there was no particular reason to regard the handling of such estates as other than commercial transactions governed by the laws and rules applicable to the ordinary banking transactions. The conclusion is therefore reached that in actions brought on behalf of the depositor, or by one who stands in the shoes of the depositor, although the deposit is of bankruptcy funds, it is a suit subject to the defenses which may be pleaded in the ordinary depositor-bank suits and that the pleading of the separate defenses herein should not have been stricken out unless some other reasons appear to prevent the use of such defenses.

In reference to the relator case, the respondent claims that such separate defenses should not be available because it is a suit upon the bond given by the appellant to the United States District Court. It is to be noted that the language of such bond, insofar as necessary to state the same here, is " *  *  * if the above bounden, the said bank, shall faithfully discharge all its duties as such depository under said act, and shall faithfully and fully account for all moneys deposited in said bank as such depository, and shall faithfully obey all orders of the court, then this obligation to be void, otherwise to remain in full force and virtue  *  *  * ; " such language imports that the giving and acceptance of the bond was to protect those entitled to the moneys in the account by security as against failure on the part of the depository (appellant herein) toward the depositor. Such duty was, of course, controlled by the rules of law applicable to any ordinary deposit in a bank, and so this contention is of no avail to the respondent in the relator case. A further argument is made by the respondents that the referee, in countersigning the checks on the bankrupt estate account and in receiving back from the bank vouchers on such account, acted in a judicial capacity. (See *Lange* v. *Benedict,* 73 N. Y. 12.) From the purposes and the setup of the Bankruptcy Court as provided in the

Federal Bankruptcy Act, it is clear that in such transactions the referee does not act in a judicial capacity, but acts as an agent or administrator. (See Federal Bankruptcy Act, chs. 1–8 [U. S. Code, tit. 11, chs. 1–8].)

In this action the separate defenses pleaded should be made available to the defendant. Of course, in the present stage of the litigation, no conclusion can be reached as to whether or not the proof of either party to the actions will warrant the application of such defenses.

The orders made below, striking out the separate defenses above enumerated, should be reversed on the law with ten dollars costs and disbursements and the motions to strike out the same should be denied, with ten dollars costs.

Dowling, J. (dissenting). I think section 326 of the Negotiable Instruments Law was properly stricken from the answer since that section has no relation to a forged countersignature. (*Matteawan Mfg. Co.* v. *Chemical Bank & Trust Co.*, 244 App. Div. 404, 414; *Kleinman* v. *Chase National Bank,* 124 Misc. 173, 175; *North British & M. Ins. Co.* v. *Merchants' Nat. Bank,* 161 App. Div. 347, 355 [dissenting opinion].) There is no allegation in either complaint that the attention of the defendant was called to General Order 29 which was made pursuant to section 30 of the Bankruptcy Act and which order related to the deposit and withdrawal of funds in bankruptcy matters. This being the case, the only function of the countersignature on the checks in question was to authenticate the signature of the trustee, Haidt. (*Fifth Ave. Bank* v. *F. S. S. & G. S. F. R. R. Co.,* 137 N. Y. 231, 240.) That Haidt signed his name to the checks as maker is not in dispute. Haidt was the agent of the United States of America. It selected him and held him out as reliable and competent to discharge the duties of his office and ordinarily the principal is bound by the acts of the agent done within the scope of the agency. (*Clarkson Home* v. *Missouri, K. & T. R. Co.,* 182 N. Y. 47, 57, 58; *Ultramares Corp.* v. *Touche,* 255 N. Y. 170, 193; *Benenson* v. *National Surety Co.,* 260 N. Y. 299, 303.) Under the common law the depositor owes the duty to his bank to make a reasonably careful examination of his cancelled checks and to notify his bank within a reasonable time thereafter. The depositor here was guilty of negligence and so was the government in failing to examine the returned vouchers and to report the forgeries to the defendant, at least a jury might so find, if the defendant was free from negligence. (*Morgan* v. *U. S. Mortgage & Trust Company,* 208 N. Y. 218.) Of course, one would not expect Haidt, the trustee, to report his own forgeries to the defendant (*Fidelity & Cas-*

*ualty Company* v. *Farmers National Bank,* 275 N. Y. 194, 207),
more the reason why the United States should have given reasonable attention to the acts of its trustee. The United States
may be estopped by its neglect and inattention to inspect the
said vouchers from asserting Haidt's forgeries as a basis of
relief herein. (*Hanover Bank* v. *American Dock & Trust Company,* 148 N. Y. 612, 620, 621; *Nowack* v. *Metropiltan St. R.
Co.,* 166 N. Y. 433, 440; *Hudson Trust Company* v. *American
Linseed Company,* 232 N. Y. 350.) The defendant had a right to
assume that Haidt would apply the funds which he withdrew,
to their proper purposes. (*Newton* v. *Scott,* 254 App. Div. 140,
142.) The last four affirmative defenses should not have been
stricken out.

All concur with HARRIS, J., except CUNNINGHAM, J., not voting,
and DOWLING, J., who dissents and votes for modification in a
separate opinion.

Present — CUNNINGHAM, TAYLOR, DOWLING, HARRIS and
McCURN, JJ.

Orders reversed on the law with ten dollars costs and disbursements and motions denied, with ten dollars costs.