EDWARD A. FLECKENSTEIN, as Administrator D. B. N. of the Estate of HERBERT T. KERRIGAN, Deceased, Appellant, v. HAROLD A. NEHRBAS et al., Trading as PARRISH & Co., Respondents. In the Matter of the Estate of HERBERT T. KERRIGAN, Deceased. FIREMAN'S FUND INSURANCE COMPANY, Appellant.— In an action against stockbrokers (defendants Nehrbas et al., trading as Parrish & Co.) to recover damages by reason of their having guaranteed the decedent's forged signatures on certain stock certificates, such guarantee having been procured by his widow prior to his death; and in a reopened accounting

proceeding to recover such damages from the Fireman's Fund Insurance Company, the successor surety on the bond filed by the widow-administratrix, such action having been transferred from the Supreme Court to the Surrogate's Court and having been consolidated with the accounting proceeding in the Surrogate's Court, the said surety and the plaintiff Fleckenstein, as administrator *de bonis non* of the decedent's estate, separately appeal, as limited by the briefs: (1) from so much of an order of the Surrogate's Court, Nassau County, dated August 14, 1961, as granted summary judgment in the action in favor of the defendant-stockbrokers (Parrish & Co.) and against plaintiff Fleckenstein and dismissed the action on the merits; and (2) as directed the said surety to interpose any further pleading and make any motion in the said accounting proceeding within six weeks after service upon it of a copy of the order. Order, insofar as appealed from, reversed, without costs, and motion of said defendant stockbrokers (Parrish & Co.) for summary judgment denied. In our opinion, there are issues of fact which preclude the granting of summary judgment. If it be assumed that the complaint states a cause of action in negligence, it may be found that the administratrix' alleged conversion of the stock certificates after their release from escrow was not a foreseeable risk of such release and, hence, the escrowees did not violate any claimed duty to the estate or to Parrish & Co. (cf. *Palsgraf* v. *Long Is. R. R. Co.*, 248 N. Y. 339, 344; *Benenson* v. *National Sur. Co.*, 260 N. Y. 299, 302–303). The record does not warrant a holding that as a matter of law the release of the stock certificates by the surety and the escrowees exculpated defendants Parrish & Co. from their antecedent acts in furthering the transfer of the decedent's stock certificates. Several acts may occur to produce a result, one or more being the proximate cause (cf. *Carlock* v. *Westchester Light. Co.*, 268 N. Y. 345, 349). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Rabin, JJ., concur.