STELLA JACOBS, Respondent, *v.* ALRAE HOTEL CORP., Appellant.

First Department, June 25, 1957.

202

*Leo E. Sherman* of counsel (*Milton Gerber,* attorney), for appellant.

*Joseph Haskell* of counsel (*Emmet L. Holbrook* with him on the brief; *Joseph Haskell,* attorney), for respondent.

FRANK, J. This is an appeal from a judgment in favor of the plaintiff, in an action predicated upon negligence. There is virtually no dispute upon the proven facts as they concern the question of liability. The problem arises from the inferences to be drawn from the proof with respect to reasonable care, causation and foreseeability.

The defendant operated a hotel in the borough of Manhattan, occupied by permanent tenants and transient guests.

On October 7, 1954, the plaintiff placed a quantity of her jewelry in a deposit box contained in a large safe which was located in the second room off a corridor behind the clerk's desk. The safe was not visible from the lobby. The safe-deposit box allotted to the plaintiff was one of 35, which could not be opened except by the use of two keys, one in the custody

of the hotel clerk, the other in the exclusive possession of the person to whom the box was assigned. The method of access to and the appearance of the boxes were similar to those in the vaults maintained by safe-deposit companies.

After placing her jewelry in her safe-deposit box, the plaintiff left the city and did not return for 11 days.

On October 12, 1954, at approximately 4 o'clock in the morning, three unknown armed men entered the lobby and by a display of firearms, cowed the night clerk, a guest and his woman companion, trussed them with wire, gagged and confined them in a closet behind the desk. At the time the safe doors were open. No one actually saw the acts performed by the gunmen after they herded the persons whom they had subdued into the closet. After the robbery was completed and the perpetrators had left, it was found that a number of the individual boxes had been chiseled open and abandoned. A section of the safe which contained 15 boxes had been physically removed from the safe and the premises. The remaining section containing 20 boxes had also been removed from the safe but was abandoned on the hotel floor. All of the plaintiff's jewelry was contained in one of the 15 boxes which were carted off by the criminals. The defendant, too, sustained a loss of about $2,000 of its own funds kept in the safe.

The hotel manager testified in effect that the safe itself showed evidence of force having been applied to remove the sections. Through the testimony of one of its officers, the defendant's uncontradicted proof was that it had not been aware that the sections containing the boxes were not bolted or welded to the safe and could be physically removed therefrom.

The trial court predicated its determination upon the finding that the safe doors were not kept locked and the sections were removable. There was no proof that the practice of leaving the safe doors open was not the customary and accepted method used by hotels, nor that the unlocked safe doors were the competent producing cause of the loss occasioned by the robbery. It cannot be urged that negligence would be imputed to the defendant, assuming that the doors were locked and the clerk had opened them at the direction of armed criminals capable of using force to compel acquiescence to their demands. We cannot therefore predicate negligence upon the distinction of locked or unlocked safe doors under the circumstances here present. The proximate cause of the loss was not the open safe doors but the robbery from which the loss resulted. The same consequence would have followed even if the doors were closed, so long as the clerk could have been forced to open the safe.

The crime and the loss were cause and result (*Saugerties Bank v. Delaware & Hudson Co.*, 236 N. Y. 425, 430-432 and cases cited; *Benenson* v. *National Sur. Co.*, 260 N. Y. 299; *Laidlaw* v. *Sage*, 158 N. Y. 73, 99). The plaintiff might have been in a stronger position had she offered proof that the defendant knew that the sections of boxes in the safe were removable. But no such evidence was adduced.

The facts here are quite different from those in the cases relied upon by the trial court and by the respondent, in which there was no one in attendance at the time the burglary or theft occurred.

It cannot be said on the proven facts in this case that the defendant could have foreseen or should have been aware, in the exercise of reasonable care, that the plaintiff's property could be removed as it was. Nor can the inference be drawn that the defendant should have provided greater security. If a hindsight test were applied, the plaintiff's position might be sound. But the record is barren of any proof to indicate that prior to the occurrence the defendant could have foreseen the event and could have taken precautionary measures to prevent it.

Essentially the basis of liability is the ability to reasonably anticipate the risk. Not included in such a premise is every possible occurrence due to unusual or unforeseeable situations (*Cartee* v. *Saks Fifth Ave.*, 277 App. Div. 606, affd. 303 N. Y. 832). Under ordinary circumstances no one is chargeable with damages because he has not anticipated the commission of a crime by some third party (*Saugerties Bank* v. *Delaware & Hudson Co.*, 236 N. Y. 425, 431, *supra*; *Paglia* v. *State of New York*, 278 App. Div. 281, 286).

While the defendant is not a true bailee, its status being more in the nature of a warehouseman, nevertheless, even as a bailee it is not an insurer of the plaintiff's property (*Reisinger* v. *Pullman Co.*, 252 App. Div. 87, 89). It can only be held to the same degree of care as would be required from a reasonably prudent person under the same or similar circumstances (*Widder* v. *Knaris*, 5 Misc 2d 914). Where a warehouseman accounts for the failure to deliver the property left in its possession by demonstrating that the loss resulted from theft, the burden of proving negligence and freedom from contributory negligence is upon the plaintiff (*Claflin* v. *Meyer*, 75 N. Y. 260, 262, 263). The Court of Appeals expressly rejected the theory " ' that sound principles of law and considerations of expediency combine to require that the bailee be held liable ' " (*Castorina* v. *Rosen*, 290 N. Y. 445, 447).

Upon the facts in this case, it must be held that the plaintiff has failed to establish the negligence of the defendant. Under the circumstances, therefore, we are constrained to reverse the judgment and dismiss the complaint.

We do not reach the other questions posed on this appeal in view of our determination with respect to liability.

The judgment should be reversed and the complaint dismissed.

BOTEIN, J. P. (dissenting). Defendant hotel corporation permitted a safe containing the valuables of its guests to remain open at 4:00 A.M., the time when the robbery occurred. Access to the safe would seldom be required at that hour in a residential-type hotel which evidently did not cater to transient guests. Also, the section containing 15 safe-deposit boxes — one of which held plaintiff's valuables — was not in any way attached to the sides of the safe. The detective assigned to the case and an insurance company investigator both testified that there were no marks indicating that the section had been forced or pried out of the safe. It is evident that after hacking away and opening several boxes in the lower section, which consisted of 20 boxes, the holdup men found that the smaller upper section was readily removable, and they proceeded gratefully to walk away with it.

These combined circumstances spell out a strong prima facie case of negligence on the part of defendant which it made no effort whatsoever to rebut. The only witness defendant produced was its officer, who testified to a technical compliance with the posting of notice required under section 200 of the General Business Law. Another officer, whose duties were never revealed, was examined before trial by plaintiff, and expressed surprise on learning that the upper section was removable. The conclusion is irresistable that if defendant did not know that the section was removable, then in the exercise of reasonable prudence it should have known that fact.

Plaintiff has presented actual proof of negligent acts and omissions to act that combined directly to cause the loss of her jewelry — proof of facts not based on conjecture that amply justified the trial court's findings. We should not reject such findings on the bases of speculation as to what might have happened had the safe door been closed and the missing section attached to the safe itself. To illustrate how double-edged such speculation can be, it might be argued on plaintiff's behalf that since the holdup men had tried to pry open the boxes in the lower section, they would never have reached the upper section

in which the plaintiff's box was located had that section been attached securely to the safe.

The judgment should be affirmed.

VALENTE, McNALLY and BERGAN, JJ., concur with FRANK, J.; BOTEIN, J. P., dissents and votes to affirm in opinion.

Judgment reversed and the complaint dismissed. Settle order on notice.