JOHN GUGLIEMINI, Respondent, v. JOHN CONIGLIARO, Appellant.—

Christ, P. J.,
Hopkins and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm

the judgment, with the following memorandum: Plaintiff was looking for work as a truck driver. He went to Winona Trucking Construction Company and its representatives told him to go to Lane Construction Company for his work button. Lane told plaintiff that he was signing up for work but would have to get a truck from Winona. None was available and for two weeks plaintiff could not work. Winona finally assigned plaintiff to a truck and only at that time did he commence work. Immediately after discovering the defect in the truck, plaintiff reported it to Winona and defendant. Defendant said he could not immediately repair it. Winona said it could not repair the truck; that there were no other trucks available; and that plaintiff would have to do the best he could with a defective truck. If one is placed in the dilemma of abandoning the reasonable course of his business or subjecting himself to danger, he will not be charged with contributory negligence as a matter of law if he adopts the alternative measure (*Kaplan* v. *48th Ave. Corp.*, 267 App. Div. 272; *Guerra* v. *Ginevra*, 27 A D 2d 697). Plaintiff, a per diem worker, was faced with the problem of working with defective equipment or not working at all. In my opinion, he literally had no other way to proceed. Under the circumstances, I cannot, as a matter of law, find plaintiff guilty of contributory negligence. The fact that plaintiff failed to reveal the defect to his employer, Lane, is without consequence. The record reveals that it would have been a wasted effort. At the outset, Lane told plaintiff he would have to get his own truck from Winona before he could work. This is pointed up by the fact that plaintiff, a Brooklyn resident, went to Binghamton in search of a job as a truck driver; that he was hired by Lane; and that he was unable to work for two weeks because Winona could not supply him with a truck. Since Lane initially told plaintiff he would have to procure a truck through Winona; and since Lane could not help plaintiff during his two-week period of unemployment, there was no reason to believe that Lane could later help plaintiff and have him assigned to another truck, particularly when Winona said none was available. I conclude that, under the circumstances, plaintiff cannot be charged with contributory negligence as a matter of law. The question whether plaintiff acted with the care that a reasonably prudent man would have exercised under similar circumstances was for the jury to decide. They returned a plaintiff's verdict, which should not be disturbed. (Beldock, P. J., deceased.)