Bertram Harnett, J.
George Klein left his diamond ring with the Sura Jewelry store for sale on consignment. When robbers stole the ring from Sura, Klein sought and recovered its full value from his own insurance company, who then became subrogated to Klein’s rights in the matter. In Klein’s name, the insurer brought this action against Sura as bailee of the ring and Fireman’s Fund American Insurance Co., Sura’s insurer.
At a trial, the jury returned a special verdict finding Sura negligent in the theft and that the negligence was the proximate cause of Klein’s loss. Accordingly, as a negligent bailee, Sura was liable to Klein. The court directed entry of judgment in favor of Klein against Sura, but reserved decision as to Fireman’s Fund until now. I conclude that Klein may directly *758 pursue and collect against Fireman’s now, and need not await entry of judgment against Sura.
Sura’s Fireman’s Fund policy insured jewelry "delivered or entrusted to [Sura] by others * * * against all risks of loss or damage”. If Sura wished to pursue Fireman’s Fund, it could collect for Klein’s ring. (Stillwell v Staples, 19 NY 401.)
Moreover, Klein, as owner of the bailed ring, can also collect directly from Fireman’s Fund. Klein, after all, is the real party in interest; no legitimate general principle precludes his right to sue directly. Terms in policies insuring entrusted property "have been held as giving to the owner of the property the right to take the place of the assured, to adopt the contract, and to enforce it in his own name”. (Waring v Indemnity Fire Ins. Co., 45 NY 606, 612; see, also, Utica Canning Co. v Home Ins. Co., 132 App Div 420; Lewis v Home Ins. Co., 199 App Div 556; Couch On Insurance [2d ed], § 74:318.) Of particular interest is Exton & Co. v Home Fire & Mar. Ins. Co. (249 NY 258). Like the case here, the bailee failed to pursue his own insurer and the Court of Appeals found it just that the bailor have the right to take up that pursuit.
Arguably, the law might require the property owner to sue a negligent bailee first, and, only after the entry of judgment based on the bailee’s liability could he pursue the bailee’s insurer. (Insurance Law, § 167, subd 7.) However, requiring judgment first followed by suit on the judgment would serve no useful purpose while imposing upon the already clogged mechanisms for resolving society’s disputes. By virtue of the subrogation involvement, Klein will not recover twice. The real question is whose insurer should pay the loss, Klein’s or Sura’s. All the facts, issues, and parties were before the court. The case will never be riper.
Fireman’s Fund does not deny the applicability of its policy, but it seeks to use the "Other Insurance” clause to avoid coverage for this theft. That clause provides: "It is understood and agreed that any insurance granted herein shall not cover (excepting as to legal liability of the Insured), when there is any other insurance which would attach if this policy had not been issued, whether such insurance be in the name of the Insured or of any third party. It is, however, understood and agreed, that if under the terms of such other insurance (in the absence of this policy) the liability would be for a less amount than would have been recoverable under this policy (in the *759 absence of such other policy) then this policy attaches on the difference.”
Fireman’s Fund argues that because Klein’s own insurance fully compensated him for the loss, policies in Klein’s name "attached” within the meaning of its policy. Fireman’s Fund, therefore, finds no coverage in its own policy for the same loss.
On its face, the argument ignores the exception parenthetically written into the "Other Insurance” clause. There is an exception to the, operation of the Fireman’s Fund "Other Insurance” clause embodied in the phrase, "excepting as to the legal liability of the Insured.” Since the jury found Sura legally liable to Klein for the loss of his ring, the "Other Insurance” limitation is, in any event, inoperative. Fireman’s Fund must absorb the ultimate loss.
This conclusion seems just and proper. As between Sura and Klein, Sura caused the loss. As between the respective insurers then, Sura’s insurer should bear the responsibility.
Moreover, Klein (more precisely, Klein’s insurer, due to subrogation of Klein’s cause of action) now has a judgment against Sura. If Fireman’s Fund could avoid coverage, Sura would be forced to shoulder this loss without recourse to the insurance it has paid for. Such a result would be absurd. (Jewelers Mut. Ins. Co. v Balogh, 272 F2d 889, 894.)
Accordingly, the court shall direct entry of judgment against the Fireman’s Fund American Insurance Co. in favor of George Klein.
Settle judgment on notice.