■ GEORGE KLEIN, Respondent, et al., Plaintiff, v SURA JEWELRY MANUFACTURING CORPORATION et al., Appellants.—In an action *inter alia* to recover the value of property lost through the negligence of defendant Sura Jewelry Manufacturing Corporation, defendants appeal from a judgment of the Supreme Court, Nassau County, entered September 3, 1975, which is in favor of plaintiff George Klein and against them, upon a special jury verdict. Judgment affirmed, with costs. The facts are adequately set forth in the dissenting memorandum of Mr. Justice Martuscello. Defendants argue that the proximate cause of the loss was not Frank Berger's failure to lock the door to the office where the safe was located and to lock the safe but, rather, the intervening and violent crime perpetrated by the two robbers. On the contrary, the record clearly demonstrates, by a fair preponderance of the credible evidence, that Mr. Berger was at fault. At the time of the robbery, both the safe doors and the office door were unlocked. Clearly, this gave the robbers access to the safe and its contents, without the need for the keys or combination. In judging the reasonableness of Mr. Berger's behavior, the jury was free to consider the value of the property involved. Mr. Berger testified that he had 20 to 30 items similar to plaintiff George Klein's $12,500 ring in the safe. Expressed differently, he had an inventory of $250,000 to $375,000 worth of jewelry in the unlocked safe, which was located in the unlocked office, when the robbery occurred. The jury was also free to consider that his failure to lock the doors was a deviation from his own standard of care (see *Haber v Cross County Hosp.,* 37 NY2d 888; *Danbois v New York Cent. R. R. Co.,* 12 NY2d 234, 239). An intervening act

does not break the sequence of cause and effect when such independent act might reasonably have been foreseen *(Miller v Board of Educ.,* 291 NY 25; *Carlock v Westchester Light. Co.,* 268 NY 345; *O'Neill v City of Port Jervis,* 253 NY 423). An attempted robbery of a small retail jewelry store is foreseeable, particularly where there is at least $250,000 worth of jewelry on the premises. On this record, the jury could find, as it did, that the danger inherent in Mr. Berger's acts was apparent to the reasonably prudent man and that such acts were the proximate cause of the loss. The dissenters rely upon *Jacobs v Alrae Hotel Corp.* (4 AD2d 201, affd 4 NY2d 769, mot for rearg den 4 NY2d 879). The holding therein was limited to its facts, which differ significantly from the facts herein. Defendants also argue that the complaint against defendant Fireman's Fund should have been dismissed because it was an excess carrier and plaintiff had already recovered the full value of the ring from his own insurance carriers. George Klein was a nondealer in jewelry; thus, he was a third-party beneficiary of the Fireman's Fund jeweler's block policy (see *Exton & Co. v Home Fire & Marine Ins. Co.,* 249 NY 258; *Waring v Indemnity Fire Ins. Co.,* 45 NY 606; 18 Couch, Insurance 2d, § 74:318). Fireman's Fund does not deny the applicability of its policy. Rather, it seeks to implement the "other insurance" clause contained in paragraph 11 of its policy to avoid liability for the theft. That clause reads, in part, as follows: "It is understood and agreed that any insurance granted herein shall not cover (excepting as to the legal liability of the Insured), when there is any other insurance which would attach if this policy had not been issued, whether such insurance be in the name of the Insured or of any third party." The result urged by Fireman's Fund ignores the exception parenthetically written into the "other insurance" clause, "excepting as to the legal liability of the Insured". Since the jury found the defendant jeweler legally liable to Klein for the loss, the "other insurance" limitation was inoperative (see *Jewelers Mut. Ins. Co v Balogh,* 272 F2d 889). Thus, Fireman's Fund should absorb the loss suffered by the plaintiff. Hopkins, Acting P. J., Latham and Hawkins, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum, in which Titone, J., concurs: On October 22, 1969 plaintiff George Klein was the owner of a diamond ring which he had purchased several years earlier from defendant Sura Jewelry Manufacturing Corporation (Sura), which operated a small jewelry store on Sunrise Highway, Rockville Centre, New York. On that day he delivered the ring (the stipulated value of which was $12,500) to Frank Berger, the principal of Sura, for the purpose of having Mr. Berger try to sell it. Two days later Mr. Berger was the victim of an assault and robbery, during which the ring was stolen. The ring had been placed in a safe in the rear portion of the store, which was separated from the public portion of the store by a partition. The door in the partition was usually kept locked. On this occasion, the door was unlocked because Mr. Berger had taken a watch out of the safe to show a customer and had failed thereafter to lock the door. Also, the safe doors, though closed, were not locked with their combination lock. At the trial, Mr. Berger testified that two men came into the store to look at some watches. They left, but returned later and said that they wanted to look again at one of the watches. As Mr. Berger acceded to their request, a .45 caliber gun was pointed at him. Mr. Berger struggled with the holder of the gun and the other man struck him on the head with a hard object. He fell back toward the watch table where a police alarm button was located and he pushed the button. He then was unconscious for a few seconds. When he regained consciousness, he found himself hand-

cuffed; he was pulled into the rear portion of the store and was beaten anew. He nevertheless struggled with the robbers and, at one point, he reached for the gun, it went off and "the bullet went to the side." He was knocked unconscious once again. When he regained consciousness this time, he saw one of the assailants running out of the store; the man had a satchel or valise. The police arrived right after the robbers fled. The safe was examined and found to be empty. In addition to the subject ring, it had held 20 or 30 expensive items. Mr. Berger was taken to a hospital where he remained for several days. Although the robbers were later apprehended, the subject ring was not recovered. Essentially on this state of facts, the jury rendered a special verdict that Mr. Berger was negligent. The trial court stated that such verdict "implies, as I charged the jury, a finding that that negligence also contributed to the happening of the theft." I believe that, on these facts, no prima facie case was made out and that judgment should be entered in favor of defendants dismissing the complaint. The armed robbery by two felons constituted an intervening crime, and *that* was the proximate cause of the loss of the ring. Directly in point is *Jacobs v Alrae Hotel Corp.* (4 AD2d 201, affd 4 NY2d 769, mot for rearg den 4 NY2d 879). There, a hotel guest had placed jewelry in a safe-deposit box contained in a large safe in a room off a corridor behind the clerk's desk. The safe-deposit box could be opened only by the use of two keys, one of which was in the custody of the guest. Three armed men entered the lobby at about 4:00 A.M.; they tied up the night clerk and two other persons present at the time and locked them in a closet. The safe doors had been left unlocked. Later it was found that one section of the safe, with 15 boxes, had been physically removed from the safe and from the premises. Plaintiff's jewelry had been in one of those boxes. The court said (pp 203–204): "It cannot be urged that negligence would be imputed to the defendant, assuming that the doors were locked and the clerk had opened them at the direction of armed criminals capable of using force to compel acquiescence to their demands. We cannot therefore predicate negligence upon the distinction of locked or unlocked safe doors under the circumstances here present. The proximate cause of the loss was not the open safe doors but the robbery from which the loss resulted. The same consequence would have followed even if the doors were closed, so long as the clerk could have been forced to open the safe. The crime and the loss were cause and result *(Saugerties Bank v. Delaware & Hudson Co.,* 236 N. Y. 425, 430–432 and cases cited; *Benenson v. National Surety Co.,* 260 N. Y. 299; *Laidlaw v. Sage,* 158 N. Y. 73, 99). * * * The facts here are quite different from those in the cases relied upon by the trial court and by the respondent, in which there was no one in attendance at the time the burglary or theft occurred." The factual differences between the robbery in *Jacobs* and the robbery in this case do not involve a difference in essence. A loaded gun, cocked at the head, is a strong persuasion to open a safe. It was the gun and not the unlocked safe which was the proximate cause of the loss. [82 Misc 2d 757.]