BRUCE C. MACE, Respondent, v RYDER TRUCK RENTAL, INC., Appellant.

JOANNE MACE, Respondent, v RYDER TRUCK RENTAL, INC., Appellant.

Third Department, January 20, 1977

*Hancock, Estabrook, Ryan, Shove & Hust (Robert A. Small* of counsel), for appellant.

*Bond, Schoeneck & King (John J. Dee* of counsel), for respondents.

HERLIHY, J. The plaintiff, Bruce C. Mace (hereinafter referred to as plaintiff) was employed by a third party to drive trucks leased from the defendant. The defendant was required to maintain the vehicles and the jury could find (as it apparently did) that on January 5, 1971 plaintiff requested service for the power steering and defendant performed such service so inadequately or negligently as to cause the power steering to become defective again on January 19, 1971. On January 19, 1971 the plaintiff was moving the truck around a block when he found that on the second turn the steering was becoming difficult and on the third and fourth turns he could only steer by using all of his strength. He felt some pain while negotiating the second turn and "excruciating pain" in the fourth turn.

After negotiating the block as described, the plaintiff then parked the vehicle and requested repairs from defendant which were made where it was parked. Immediately after the repairs were made, the plaintiff went to back up the vehicle and found that again the steering was defective and he again used great effort to steer as he backed to an unloading platform. He also had pain in his chest and arms as he made the backing turn. Upon receiving his load for the truck he *drove* to one of the defendant's garages for repairs to the vehicle. When he left there, he suffered severe pain causing him to stop the vehicle and request medical aid. Therafter he suffered a heart attack which the jury has found to be causally connected to the effort required to steer the vehicle resulting from defendant's negligence and which findings are in accordance with probative evidence in this record.

At the conclusion of the plaintiff's case the defendant moved to dismiss the complaint upon the ground that the cause of the heart attack was not the failure of the power steering assistance "but the cause was the act of the plaintiff himself in exerting such force so as to cause the onset of these symptoms. It was his own independent act, whether it be by the turning of a wheel or by any exertion that he might see fit to undertake, the same result would obtain". Upon the appeal

the defendant notes that the plaintiff deliberately chose to drive after knowing of problems.

The plaintiff's testimony does not suggest any reason why he could not have simply stopped the truck when the steering failed or why it was in any way necessary to continue turning the vehicle. There is no suggestion in this evidence that the failure of the steering created an emergency situation requiring continuance. The facts that the steering was defective and caused the condition whereby the plaintiff applied sufficient stress *or effort to cause a heart attack* do not establish that the steering caused the effort to be undertaken. The plaintiff having decided to operate the truck in a defective condition and whether or not for a short distance cannot thereby create a situation where a remote cause becomes a proximate cause (see *Guglielmini v Conigliaro,* 35 AD2d 524, affd 29 NY2d 930).

The question of a *proximate* causal factor is governed by the duty of the defendant as perceived through foreseeability of the result if the act is improperly performed (see *Williams v State of New York,* 308 NY 548; *Stanton v State of New York,* 29 AD2d 612, 613, affd 26 NY2d 990). In *Rivera v City of New York* (11 NY2d 856, 857) the court observed: "This court has consistently held that the negligence complained of must have caused the *occurrence of the accident* from which the injuries flow." (Emphasis supplied.)

In the present case there was no accident although there were clearly injuries to the plaintiff. The only condition created was that if the plaintiff decided to continue driving the vehicle *while the steering was known* to be not operating properly, the plaintiff might cause injury to himself. There was no condition created whereby the circumstances of the defect caused a frightening situation or one reasonably requiring a choice to use extraordinary physical exertion. Except for some emergency such as defective steering which occurs while traveling at high speed or under circumstances "requiring" the exertion of energy to control the vehicle, this type of injury is not foreseeable as a matter of law because the only "accident" was the application of physical force by the plaintiff himself. The defendant negligently allowed the defect to occur, but it was not harmful in the circumstances of this case until the plaintiff simply decided to continue around the block by overcoming the defect with physical force. As in the *Rivera* case *(supra),* the negligence did not cause *the occurrence of*

*the accident,* i.e., the application of physical force and heart attack.

In cases such as *Pagan v Goldberger* (51 AD2d 508) and *Micallef v Miehle Co., Div. of Miehle-Goss Dexter* (39 NY2d 376) the negligent performance of duty did not simply *create* a situation where a plaintiff *then* affirmatively acted so as to cause his injuries and they are not controlling. The fact is that other than questions of contributory negligence or assumption of risk, the record established that the independent act of the plaintiff created a situation outside of the defendant's duty as not being reasonably foreseeable and thus, there was a failure to establish proximate cause as a matter of law and the complaints should have been dismissed.

The plaintiff has failed to establish facts from which it could be found that the failure of the power steering caused an accident or caused him to nevertheless continue to operate the vehicle. It is not a question of causal connection (Workmen's Compensation) but rather of proximate connection and, accordingly, the judgments must be reversed.

The judgments should be reversed, on the law, and complaints dismissed, without costs.

KOREMAN, P. J. (dissenting). I dissent. The majority concludes that although there was sufficient evidence from which the jury could find that defendant had failed to properly repair the power steering unit causing the unit to become inoperable, the defective condition was not, as a matter of law, the proximate cause of plaintiff's injuries.

In *Rivera v City of New York* (11 NY2d 856), upon which the majority relies, the defendant created a defective plumbing condition which caused a bathtub to be continuously full of hot water, and a child wearing wet boots stood on the edge of the bathtub, slipped, and fell into the water. The court explained (p 857): "The hot water created the specific injuries for which damages were sought and determined the gravity of the consequences resulting from the accident, but it did not cause the intervening act [the slipping of a wet boot while the child balanced on the edge of the bathtub] which was not foreseeable". The case at bar is readily distinguishable.

It is not disputed that as a result of the defective condition created by defendant, the use of extraordinary physical exertion was required to steer the truck. The majority reasons, however, that plaintiff's decision to continue to drive the truck

with knowledge of the defect was an intervening cause for which the defendant cannot be liable. "It is well settled that foreseeable intervening cause will not relieve a wrongdoer of liability" *(Bolm v Triumph Corp.,* 33 NY2d 151, 159) and in my view, the foreseeability of plaintiff's conduct and, therefore, the question of proximate cause was for the jury *(Luce v Hartman,* 6 NY2d 786). Moreover, it appears that in its discussion of plaintiff's conduct in continuing to drive the truck with knowledge of the defective condition, the majority has confused intervening act with contributory negligence. Thus, in *Guglielmini v Conigliaro* (35 AD2d 524, affd 29 NY2d 930), where plaintiff had first-hand knowledge of a defective condition, but continued to drive the vehicle for two weeks after being told by defendant that needed repairs could not be done immediately, we found plaintiff contributorily negligent as a matter of law with no mention of proximate cause or intervening act.

The majority recites certain circumstances where exertion of the physical force required to manually steer the truck would be foreseeable, and, therefore, it cannot be said that, as a matter of law, plaintiff's use of such physical force was outside the scope of risk created by the defective condition. The question is not one of proximate cause, but rather it is whether plaintiff was contributorily negligent in completing certain maneuvers after encountering the steering problem and in driving the truck several miles to defendant's garage after again encountering the problem despite defendant's attempt to make repairs. This question was for the jury and was decided in plaintiff's favor.

The judgments should be affirmed.

Sweeney, J. (dissenting). I dissent and am of the opinion that a determination of defendant's liability from this rather unique incident narrows to a question of proximate cause and is further distilled to a question of foreseeability. Such an issue is for a jury to determine based upon all the facts and circumstances developed at the trial. The jury in the instant case resolved that issue in favor of plaintiff. On this appeal, therefore, we must view the facts in the light most favorable to plaintiff and give him the benefit of every reasonable inference which may fairly be drawn from the evidence *(Owen v Rochester-Penfield Bus Co.,* 304 NY 457; *Lee v Lesniak,* 40 AD2d 756). While it is necessary that the accident be one

which the defendant must reasonably have foreseen, it is not required that he foresee the exact manner in which his negligence will result in injury, but merely that some injury will result therefrom *(Williams v State of New York,* 308 NY 548, 556). Here, the injuries resulted from a faulty power steering mechanism which the jury could reasonably conclude stemmed from defendant's negligent maintenance of its truck. This being so, it is also reasonable to conclude that defendant should have foreseen that someone driving the truck with improper power steering might be injured.

Consequently, in my view, the judgments must be affirmed.

MAIN and LARKIN, JJ., concur with HERLIHY, J.; KOREMAN, P. J., dissents and votes to affirm in an opinion; SWEENEY, J., dissents and votes to affirm in a separate opinion.

Judgments reversed, on the law, and complaints dismissed, without costs.