■ ANTOINETTE SNYDER et al., Respondents, v ANTHONY J. MOORE et al., Appellants.—In an action to recover damages for personal injuries, etc., as a result of defendants' breach of the warranty of habitability, defendants appeal from an order of the Supreme Court, Westchester County, dated March 9, 1979, which denied their motion for summary judgment. Order affirmed, with $50 costs and disbursements. The plaintiffs tenants, over

about a three-week period, had asked the defendant landlord Anthony Moore to repair a living room window which could not be opened. Said defendant failed to do so and plaintiff Antoinette Snyder sustained injuries when she fell from a stepladder in the course of an attempt to open the window. Plaintiffs sued for damages under a theory of breach of warranty and defendants moved for summary judgment arguing that the plaintiff wife's action had not been foreseeable and that the negligence complained of had not proximately caused the injuries. The manner in which injuries arise need not be foreseeable; it is only necessary that it be reasonably foreseeable that the defect may cause some injury *(Mace v Ryder Truck Rental,* 55 AD2d 432, revd on dissenting opns at App Div 43 NY2d 814). Here, the window had been stuck for a period of about three weeks and defendants did not repair it. A jury might well conclude that it was foreseeable that the tenant would attempt to open the window and possibly sustain injury in the attempt. Any question regarding the plaintiff wife's choice of methods is one of comparative negligence, not proximate cause. Both foreseeability and comparative negligence are questions for the jury to resolve. The trial court correctly denied defendants' motion. Cohalan, J. P., Margett, Martuscello and Gibbons, JJ., concur.