OPINION OF THE COURT
S. Herman Klarsfeld, J.
This is a bifurcated negligence action tried by the court without a jury on the issue of liability alone. The case arises out of personal injuries sustained by the plaintiff while she was waiting at a checkout line in defendant’s supermarket on October 15, 1978.
FINDINGS OF FACT
An unknown woman shopper standing on line in front of the plaintiff had placed a large soda bottle in the jump seat (sometimes called the baby seat) of her shopping cart, which fell from the cart and crashed onto the plaintiff’s foot causing her injuries.
The plaintiff was waiting on the line for about 5 to 7 minutes and observed the overcrowded condition of the unknown shopper’s cart.
The plaintiff testified that the jump seat of the cart had no protective flap and that the bottle fell through the opening in the jump seat caused by the absence of the protective flap. The defendant’s manager testified he noticed, after the accident, that the cart did have a protective flap which was lying flat in *177 a down position underneath the soda bottles in the jump seat. Therefore, both parties agree that the opening in the jump seat was not guarded against merchandise falling through it. The court finds after hearing all of the credible evidence that the cart in question was missing a protective flap, and that the bottle fell through the hole created by the absence of the flap.
It is common to put merchandise and other items in the jump seat of the cart particularly when the main portion of the cart is filled to the brim with other merchandise as existed in the case at bar. A shopper may rely on the market to provide a suitable and reasonably safe cart within which to place merchandise. It would hardly fit the style and pace in a modern crowded supermarket to require each shopper to make a physical and mechanical inspection of a cart before using it or be prepared to make necessary repairs or replacements. The shopper takes the cart that is made available by the supermarket. It is true that a shopper is not compelled to accept a defective cart but unless the shopper immediately determines that a cart is patently defective it is soon filled with a myriad of cans, boxes, bottles, produce, and other merchandise.
CONCLUSIONS OF LAW
The court finds that it was the duty of defendant to furnish its customer with a safe cart for carrying merchandise. A shopping cart with an opening through which merchandise might fall caused by a missing protective flap was a potential danger to the user and other innocent patrons shopping in the defendant’s supermarket. Accordingly, the court finds the defendant negligent. Defendant argues that the absence of the flap was not the proximate cause of the accident but rather an intervening act by the unknown shopper in carelessly placing a soda bottle in the jump seat which had a large opening caused by the absence of the protective flap. Unless the defective cart was the proximate cause of the injuries sustained by the plaintiff there can be no recovery. If it is reasonably forseeable that the defendant’s negligence in providing a defective cart for shoppers could result in an accident, a proximate causal factor is established. Foreseeability does not require the prediction of the exact manner in which the negligence will result in injury. (Mace v Ryder Truck Rental, 55 AD2d 432, 437.) For one to be held liable in negligence, he need not foresee novel or extraordinary conse *178 quences, it is enough that he be aware of the risk of danger. (Johnson v State of New York, 37 NY2d 378.) The act of the unknown shopper is not an intervening cause which would relieve defendant’s negligence. An intervening act does not break the sequence of cause and effect when it might reasonably have been foreseen. (Klein v Sura Jewelry Mfg. Corp., 53 AD2d 854.)
 The defendant’s negligence in failing to provide a safe cart was a concurrent proximate cause of the accident. Even if the unknown woman was negligent in piling her cart to the brim with merchandise the defendant is not relieved from responsibility for the foreseeable consequences of its negligence which was a substantial factor in the bottle crashing onto plaintiffs foot. Had the defendant not been negligent there would have been no accident. (Retzel v State of New York, 94 Misc 2d 562.)
"There may be more than one proximate cause of an accident. Where two parties by their separate and independent acts of negligence furnish direct causes of a single injury to another person, and it is not possible to determine in what proportion each contributed to the injury, either is responsible for the whole injury, even though his act alone might not have caused the entire injury, and even though the acts are not equal in degree.” (PJI 2:71 [Proximate Cause — Concurrent Causes].)
The plaintiff had an opportunity and did in fact observe the crowded condition of the unknown shopper’s cart directly in front of her. The court does not find the plaintiff free from negligence in this matter. She could have kept a safe distance behind the cart. On this issue of comparative negligence the court determines that the percentage of total negligence which can be attributed to the fault of the defendant is 80%. Therefore, the court apportions the totality of causation of plaintiffs injuries as 80% attributable to defendant’s fault and 20% to plaintiffs fault.
The trial shall proceed on the issue of damages and shall appear on the Part I Trial Calendar on January 9, 1979.