■ LAWRENCE KOSTER, Respondent, v MILTON M. GREENBERG, Appellant.—In an action to recover damages for personal injuries and wrongful death based on medical malpractice, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Bellard, J.), dated January 22, 1985, as, upon a jury verdict, is in favor of the plaintiff and against him in the principal sums of (1) $345,000 on the wrongful death cause of action, (2) $270,000 on the conscious pain and suffering cause of action, and (3) $85,000 on the loss of consortium cause of action.

Judgment reversed insofar as appealed from, on the facts and as a matter of discretion, without costs or disbursements, and new trial granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of the order to be made hereon, together with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages (1) to $250,000 with respect to the wrongful death cause of action, (2) to $100,000 with respect to the conscious pain and suffering cause of action, and (3) to $25,000 for loss of consortium, and to the entry of an amended judgment accordingly. In the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements. The findings of fact as to liability are affirmed.

The evidence adduced at trial reveals that at the time of her death, on September 23, 1981, the plaintiff's decedent was suffering from, among other things, chronic lung disease and a condition known as "hyperparathyroidism". The plaintiff alleges that the defendant was negligent, in that he failed to diagnose the decedent's hyperparathyroidism at any time during his treatment of her from July 1980 through July 1981, and that this negligent failure to diagnose contributed to the decedent's death. At trial, an expert called by the plaintiff

testified that the defendant departed from acceptable medical practice in failing to investigate various indications that the decedent's calcium level was extremely high. According to this expert, had the defendant properly investigated the cause of the decedent's heightened level of calcium, he would have determined that she was suffering from hyperparathyroidism, so that the decedent would have undergone earlier treatment in order to relieve this condition. However, because of the defendant's negligent omission in this respect, the decedent did not undergo the necessary treatment until after the hyperparathyroidism had been discovered at a hospital in California. By that time the hyperparathyroidism had advanced to such a stage that the doctors treating the decedent in California concluded that it was necessary to operate, even though they realized that the decedent's lung condition increased the risks inherent in surgery. The plaintiff's expert testified that the decedent's hyperparathyroidism caused her to suffer postoperative renal failure, so that the decedent's kidneys were not able to neutralize an acid condition which developed in the decedent's body due to simultaneous respiratory distress. This, in turn, caused decedent to suffer cardiac arrest and die.

On appeal, the defendant argues, primarily, that the decedent's death was caused by her lung condition, which was unrelated to the alleged negligence of the defendant. Accordingly, the defendant argues on appeal that his negligence, if any, did not cause the decedent's death. We disagree. It is true that, according to the plaintiff's expert, the cardiac arrest suffered by the decedent was brought on by a number of conditions, including a failure in her lungs. However, that testimony also established that renal failure caused by advanced hyperparathyroidism also contributed to her death. In a medical malpractice case, the plaintiff must establish that the defendant's negligence was a substantial factor in producing the alleged injury. However, that substantial factor need not be the only cause which produced the injury *(see, Dunham v Village of Canisteo,* 303 NY 498, 504; *Mortensen v Memorial Hosp.,* 105 AD2d 151, 158). The plaintiff is not obligated to eliminate all possibility that the injuries resulted from causes other than the defendant's negligence *(see, Rosenberg v Schwartz,* 260 NY 162, 166; *Vialva v City of New York,* 118 AD2d 701; *Mertsaris v 73rd Corp.,* 105 AD2d 67, 82-83). In the case at bar, there was a rational basis upon which the jury could have concluded that the decedent's hyperparathyroidism, which, but for the defendant's negligence would have been detected and cured earlier, caused one of numerous

postoperative complications, and thus contributed to her death. Accordingly, the judgment as to liability must be affirmed.

However, we find that the verdict was excessive. As to the wrongful death cause of action, the record reveals that the decedent was a 60-year-old retiree who had earned $140 a week prior to her retirement. While the jury might properly have considered the value of the decedent's guidance and counsel as a parent (see, Tilley v Hudson Riv. R. R. Co., 24 NY 471) as well as the decedent's work as a homemaker (see, DeLong v County of Erie, 89 AD2d 376, affd 60 NY2d 296), it is apparent from the record that the decedent's services in this respect were curtailed by her chronic lung disease, unrelated to the defendant's negligence. Similarly, the pain and suffering experienced by the decedent stemmed largely from her breathing problems; the record is silent as to whether any substantial pain was caused by the hyperparathyroidism itself. At most, the plaintiff's decedent experienced occasional nausea, possibly as the result of the undiagnosed hyperparathyroidism condition. However, some degree of recovery is warranted for the extent to which the decedent's postoperative suffering was aggravated by this condition. For like reasons, damages as to the derivative claim for loss of consortium must be reduced. Accordingly, the defendant is entitled to a new trial on the issue of damages unless the plaintiff stipulates to reduce the amount of the judgment as set forth above. Mollen, P. J., Lazer, Mangano and Thompson, JJ., concur.