■ KEVIN FOLEY, as Administrator of GEORGE A. FOLEY, Deceased, Appellant, v LONG ISLAND RAIL ROAD et al., Respondents.—In an action to recover damages, inter alia, for the wrongful death of the plaintiff's decedent, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Leviss, J.), entered June 23, 1987, as (1) granted the defendants' motion to set aside the verdict in favor of the plaintiff in the sum of $210,000 upon the second cause of action based upon the decedent's wrongful death and granted a new trial on that cause of action and (2) granted the defendants' motion to dismiss the first cause of action seeking damages for the conscious pain and suffering of the plaintiff's decedent.

Ordered that the order is modified, on the law and the facts, by deleting the provision setting aside the jury verdict on the wrongful death cause of action and granting a new trial, and substituting therefor provisions denying the defendants' motion to set aside the verdict, and reinstating the verdict; as so

modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate judgment in accordance herewith.

The plaintiff's decedent was struck and killed by a train operated by the defendant Long Island Rail Road (hereinafter the LIRR) and owned by the defendant Metropolitan Transportation Authority (hereinafter the MTA). The testimony at the trial established that the decedent had been standing between two westbound tracks of the LIRR when the defendants' westbound train first approached. The train's engineer testified that he sounded the train's horn several times and slowed the train down, albeit, he did not apply the brakes. Several seconds later, the decedent stepped onto the specific track upon which the train was running. The engineer then sounded his horn again and the decedent returned to his original position between the tracks. The train then resumed its normal speed of 50 miles per hour. When the train was only 400 feet away, the decedent again stepped directly into the path of the train. The engineer immediately sounded the horn and applied the train's emergency brake. However, the train could not be stopped in time, and the decedent was struck and killed upon impact.

The plaintiff's expert testified that the engineer should have applied the regular brakes when the decedent first stepped onto the train track and he should not have resumed his normal speed until the decedent completely left the track area. Had the engineer done so, the train would have been traveling at a greatly reduced speed and the engineer would have been able to stop the train, by using the emergency brake, before hitting the decedent.

Prior to submitting the case to the jury, the trial court granted the defendant LIRR's motion, *inter alia,* to dismiss the first cause of action seeking damages for the conscious pain and suffering of the plaintiff's decedent. At the conclusion of the trial, the trial court similarly granted the defendant MTA's motion, *inter alia,* to dismiss the first cause of action. As to the second cause of action seeking damages for the decedent's wrongful death, the jury returned a verdict in favor of the plaintiff, finding the decedent 30% at fault and the defendants 70% at fault for the accident, and damages were fixed in the sum of $300,000 which, reduced by the decedent's fault, would result in a judgment in the sum of $210,000.

Upon these facts, there was a jury question as to whether

the defendants' engineer was negligent in not applying the train's brakes at an earlier point in time than he did. In this regard, we note that the testimony of the plaintiff's expert was not controverted by any other evidence. According deference to the fact-finding function of the jury, we find that the verdict is supported by a fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129). Moreover, the question of the comparative negligence of the parties was properly resolved by the jury *(see, Snyder v Moore,* 72 AD2d 580).

We further find that the jury's finding of damages in the amount of $300,000 was not excessive *(see, Koster v Greenberg,* 120 AD2d 644).

Since there is nothing in the record to justify disturbing the jury's verdict and the award of damages, we find it was error for the trial court to have set aside the jury verdict.

We have examined the plaintiff's contentions with respect to the cause of action alleging conscious pain and suffering and find them to be without merit. Mangano, J. P., Lawrence, Spatt and Harwood, JJ., concur.