■ JOAN HENDERSON, Respondent, v WALDBAUMS, Appellant. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the defendant appeals from an interlocutory judgment of the Supreme Court, Kings County (Dowd, J.), entered February 9, 1988, which, upon a jury verdict finding, *inter alia,* the defendant Waldbaums 60% at fault in the happening of the accident, is in favor of the plaintiff and against it on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with costs.

The record shows that the plaintiff customer was struck by a shopping cart which was being used to effect a delivery by the third-party defendant's Dean's Products, Inc. (hereinafter Dean's) in the defendant Waldbaums store. The plaintiff was looking at the selection in the meat counter and the accident happened so fast that she was unable to say who was operating the cart. However, she did notice that the shopping cart contained packages labeled "Dean's" or "Dean's sausages". It was established at the trial that the assistant manager of the Waldbaums store was aware that Dean's regularly made its deliveries through the front door, using a shopping cart intended for customers. It was also established that there was a back door leading to the meat storage room and shop floor, and that special "U-boat" conveyors were provided for deliveries. The jury found that the shopping cart was not operated by a Waldbaums' employee, but nonetheless found Waldbaums, as well as Dean's, negligent. Waldbaums challenges the jury verdict, arguing that the action of the Dean's delivery person in striking the plaintiff customer was unforeseeable and, moreover, was the sole proximate cause of the accident. We disagree.

It is settled that an owner has a duty to another on his land to ensure that the property is maintained in a reasonably safe condition in view of all the circumstances, considering the purpose of the person's presence, the likelihood of injury and

the burden of avoiding the risk *(see, Basso v Miller,* 40 NY2d 233). It is also the duty of a storekeeper to prevent any obstruction to its customers in the aisles of its store *(Lederer v Samuel Broadway Food Corp.,* 33 AD2d 553). Foreseeability does not require the prediction of the exact manner in which the negligence will result in injury *(Mace v Ryder Truck Rental,* 55 AD2d 432). It is enough that the defendant be aware of the risk of danger *(Johnson v State of New York,* 37 NY2d 378). It was within the jury's province to find that Waldbaums should have known that Dean's delivery practice created a strong likelihood of injury to customers *(cf., Morris v Troy Sav. Bank,* 32 AD2d 237, *affd* 28 NY2d 619). Thus, we cannot say as a matter of law that the accident was unforeseeable *(Gross v Waldbaum, Inc.,* 102 Misc 2d 175).

For the same reason, the act of the Dean's delivery person is not an intervening cause which would relieve Waldbaums of the consequences of its own negligence. An intervening act does not break the sequence of cause and effect when it might reasonably have been foreseen *(Klein v Sura Jewelry Mfg. Corp.,* 53 AD2d 854). Waldbaums' negligence in the manner in which it permitted the delivery of products to its store was a concurrent proximate cause of the accident. Waldbaums and Dean's, by their separate and independent acts of negligence, furnished direct causes for the plaintiff's injuries and the jury did not err in apportioning their fault in the happening of the accident.

Finally, we conclude that Waldbaums has failed to demonstrate a right to common-law indemnification from Dean's. "Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine" *(Trustees of Columbia Univ. v Mitchell/Giurgola Assocs.,* 109 AD2d 449, 453). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.