■ ABRAHAM TEITEL, as Administrator of the Estate of LOTTIE TEITEL, Deceased, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants.—In an action to recover damages for wrongful death and conscious pain and suffering, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Horowitz, J.), dated May 5, 1989, as, upon a jury verdict finding them to be 95% at fault and the plaintiff's decedent 5% at fault in the happening of the accident and finding that the plaintiff suffered damages in the amount of $1,200,000 for wrongful death, is in favor of the plaintiff and against them in the principal sum of $1,140,000 for wrongful death.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, the plaintiff's claim for wrongful death is severed, and a new trial is granted on the issue of damages with respect thereto unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict in his favor for wrongful death from the sum of $1,200,000 to the sum of $403,000, and the award to the plaintiff for damages for wrongful death from $1,140,000

to $382,850 (95% of $403,000), and to the entry of an amended judgment accordingly. In the event the plaintiff so stipulates, then the judgment in his favor, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.

On November 26, 1985, the plaintiff's decedent, 64-year-old Lottie Teitel was struck by a New York Transit Authority bus driven by the defendant Thomas Gallo while attempting to cross the street at the intersection of Rockaway Parkway and Glenwood Road in Brooklyn, New York. Mrs. Teitel died 20 minutes later. After trial, the jury rendered a verdict awarding damages in favor of the plaintiff in the amount of $1,200,000 for wrongful death, and $103,509 for conscious pain and suffering (to be reduced by 5%, representing the decedent's contributory fault). The defendants do not challenge the amount awarded for conscious pain and suffering, but contend that the award for wrongful death is excessive. We agree. We find that the award of $1,200,000 for wrongful death is excessive to the extent indicated *(see, Korman v Public Serv. Truck Renting,* 116 AD2d 631; *Koster v Greenberg,* 120 AD2d 644; *Foley v Long Is. R. R.,* 144 AD2d 430). Bracken, J. P., Harwood, Miller and Ritter, JJ., concur.