■ KEVIN BURLINGAME, Appellant, v MATTHEW HEFTI et al., Respondents.—Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff was found lying on the ground seriously injured underneath the bedroom window of his third floor apartment. The window had been broken and removed a few weeks earlier and had not been replaced by the defendants, who are the landlords. Plaintiff acknowledged in his deposition testimony that he was very intoxicated on the evening of the accident and could not recall how the accident occurred because he blacked out. Supreme Court granted defendants summary judgment on the ground that no matter how the accident occurred, plaintiff's intoxication was the sole proximate cause of the accident, as a matter of law. That was error.

Summary judgment is rarely appropriate in negligence actions *(see, Ugarizza v Schmieder,* 46 NY2d 471) and proximate cause is almost always a question of fact *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). Plaintiff has raised triable issues of fact regarding how the accident occurred, whether defendants were negligent in failing to replace the window and, if so, whether such negligence was a proximate cause of plaintiff's injuries *(see, Pontello v County of Onondaga,* 94 AD2d 427; *Snyder v Moore,* 72 AD2d 580). Plaintiff was not required to demonstrate the precise manner in which the accident occurred or to negate every other possible cause of the accident *(see, Kahn v Gates Constr. Corp.,* 103 AD2d 438). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Green, Balio and Doerr, JJ.