■■■ PHYLLIS BERK et al., Appellants, v 11 ATLANTIC AVENUE REALTY CORP. et al., Respondents. [615 NYS2d 145] —Order unanimously modified on the law and as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Supreme Court erred in granting the cross motion of defendant 11 Atlantic Avenue Realty Corp. (Atlantic Realty). The record establishes that Atlantic Realty was the owner of the premises where plaintiff Phyllis Berk (plaintiff) fell on June 29, 1990. In support of its cross motion, Atlantic Realty submitted an affirmation of its counsel asserting that Atlantic Realty had no duty to plaintiff and that there was no dangerous condition on its premises. Those conclusory assertions are insufficient to meet Atlantic Realty's burden of proof, entitling it to summary judgment (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Republic Natl. Bank v Luis Winston, Inc., 107 AD2d 581, 582).

Moreover, summary judgment is seldom appropriate in negligence actions (see, Burlingame v Hefti, 181 AD2d 986; see also, Andre v Pomeroy, 35 NY2d 361, 364). Plaintiffs' proof establishes that plaintiff fell because she did not perceive the 6 to 8 inch drop-off where the sidewalk met the parking area. The proof further establishes that the sidewalk and the parking lot were of the same material and color and that there

were no markings differentiating the sidewalk from the parking lot. Plaintiff stated in an affidavit that, when she exited the store, it appeared that the sidewalk and the parking lot were one flat surface without any difference in elevation. Plaintiffs also submitted an expert's affidavit stating that, because the sidewalk and the parking lot were the same material and color, the difference in elevation between the sidewalk and the parking lot was virtually invisible. Plaintiffs' proof raises a triable issue of fact whether Atlantic Realty used reasonable care " 'in maintaining [the] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk' " (Basso v Miller, 40 NY2d 233, 241, quoting Smith v Arbaugh's Rest., 469 F2d 97, 100, cert denied 412 US 939). Consequently, we modify the order to deny the cross motion of Atlantic Realty and reinstate the complaint against it.

We have reviewed the remaining contention of plaintiffs and conclude that it is without merit. (Appeal from Order of Supreme Court, Nassau County, Robbins, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.