■ JOSEPHINE ARPINO et al., Respondents, v JOVIN C. LOMBARDO, P. C., et al., Appellants, et al., Defendants. [628 NYS2d 320] —In an action to recover damages for medical malpractice, etc., the defendants Jovin C. Lombardo, P. C., Jovin C. Lombardo, James J. Lombardo, and John W. Lombardo appeal from a judgment of the Supreme Court, Queens County (Rutledge, J.), dated July 16, 1993, which, upon a jury verdict, is in favor of the plaintiff Josephine Arpino and against them in the principal amount of $500,000.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellants' contention, the plaintiffs ad-

duced sufficient evidence from which the jury could rationally conclude that the appellants departed from good and accepted medical practice by failing to timely diagnose and treat the injured plaintiff's detached retina *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Nicastro v Park,* 113 AD2d 129, 132) and that this failure was a substantial factor in producing the injured plaintiff's loss of vision *(see, Walsh v Staten Is. Obstetrics & Gynecology Assocs.,* 193 AD2d 672; *Rubin v Aaron,* 191 AD2d 547; *Koster v Greenberg,* 120 AD2d 644, 645).

Although the testimony of the parties' expert witnesses conflicted on the issues of liability and causation, we find that the jury's verdict is not against the weight of the evidence. According due deference to the jury's determination, which was based upon its opportunity to observe and hear the witnesses, and weighing the conflicting testimony of the parties and their respective experts, we cannot say that the evidence so preponderated in favor of the defendants that the jury could not have reached its conclusion based upon any fair interpretation of the evidence *(see, Cohen v Hallmark Cards, supra; Johnston v Joyce,* 192 AD2d 1124; *Nicastro v Park, supra,* at 134-136).

There is no merit to the appellants' contention that a reversal is required because the verdict sheet called for a general verdict and the plaintiffs advanced more than one theory of liability at trial. All of the theories of liability advanced by the plaintiffs that were submitted to the jury were supported by legally sufficient evidence. Moreover, the trial court properly dismissed the only theory advanced by the plaintiffs that was not supported by legally sufficient evidence *(cf., Steidel v County of Nassau,* 182 AD2d 809).

To the extent that there was any variance between the proof offered by the plaintiffs at trial and the contentions set forth in their bill of particulars, the appellants have failed to demonstrate that this variance precluded them from adequately preparing their defense of this action *(cf., Ciriello v Virgues,* 156 AD2d 417).

The trial court properly declined to charge the jury on comparative negligence. Absent pure speculation by the jury, no valid line of reasoning could rationally support a finding of comparative negligence in this case *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 517; *Grcic v City of New York,* 139 AD2d 621, 625). Likewise, the court correctly denied the appellants' request for a missing witness charge with respect to the examining physician to whom the injured plaintiff had been sent by her attorney. Since there was no dispute about

the condition of the injured plaintiff's eye, this witness's testimony would have been cumulative at best *(see, Diorio v Scala,* 183 AD2d 1065; *cf., Miller v Kimber,* 181 AD2d 1014; *Leven v Tallis Dept. Store,* 178 AD2d 466).

We have examined the appellants' remaining contentions and find them to be without merit. Mangano, P. J., Sullivan, Thompson and Hart, JJ., concur.